at present upon the question of a new trial, but are entering this judgment non obstante veredicto without prejudice to a further application for a new trial in case it should be decided by an appellate court that we are in error." Under the circumstances at bar, we are of opinion that the court below erred in entering judgment n. o. v., and shall make an order similar to one recently entered, on a like state of facts, in Chambers v. Mesta Machine Co., 251 Pa. 618, 624.

The assignment of error, which complains of the entry of judgment n. o. v. in favor of plaintiff, is sustained; the record is remitted to the court below, with directions to dispose of the motion for a new trial, as right and justice under the law may require, and, if a new trial be refused, then to enter judgment on the verdict for defendant.

---

## Zwinger *v.* Keim et al., Appellants.

*Sheriff's sale—Real estate—Conditions of sale — Compliance — Right of judgment defendant to complain.*

1. Whether a sheriff will hold the purchaser of real estate at a sheriff's sale to strict compliance with the conditions of the sale or not is a matter between him and the purchaser, of which no one else can complain, and least of all the defendant, whose duty it was to pay the judgment.

2. Where it appeared that one of the conditions of the sale, as advertised by the sheriff, required the purchase-money to be paid on the Friday after the return day, and provided that if the purchase-money were not so paid, the property would be set up and resold at the expense of the purchaser, the fact that the sheriff allowed the purchaser some additional time in which to pay the purchase-money was not ground for setting aside the sale at the instance of the judgment defendant.

Argued Oct. 8, 1917.    Appeal, No. 8, Oct. T., 1917, by defendants, from order of C. P. Allegheny Co., July T., 1916, No. 501, discharging a rule to set aside a sheriff's sale, in case of Margaret Zwinger v. Anton Keim and

Mary Keim. Before MESTREZAT, STEWART, MOSCHZIS-
KER and WALLING, JJ. Affirmed.

Rule to set aside a sheriff's sale.

SHAFER, P. J., filed the following opinion:

The rule was disposed of on the argument list some
days ago, but, at request of exceptant's counsel, we now
put upon the record the reasons for discharging it. The
exceptant to the sheriff's sale is one of the defendants in
the writ and her complaint substantially is that while
the conditions of sale advertised by the sheriff required
the purchase-money to be paid by Friday, July 7th, be-
ing the Friday after the return day, and stated that if it
were not so paid the property would be set up and re-
sold at the expense of the purchaser; that the property
was sold on the return day for two thousand odd dollars,
to a Mrs. Nossack, who was at that time the owner of
the judgment, and that the sheriff did not in fact set
up the property for resale at that time but allowed the
plaintiff some days in which to pay the purchase-money,
and it was in fact paid to the sheriff a few days there-
after, and that on the Friday the exceptant requested
that the property be set up and resold, which request the
sheriff refused. It is also alleged that if the sale be set
aside a somewhat better price might be obtained; al-
though she does not say from whom or how much.

Whether the sheriff will hold the purchaser to a
strict compliance of the conditions of sale or not is a mat-
ter between him and the purchaser, of which no one else
can complain and least of all the defendant, whose duty
it was to pay the judgment. It was set up in the reasons
for the rule that the property was sold after spirited
bidding between the plaintiff and the defendant and an
outside party. We were therefore unable to see how any
injustice was done to the exceptant. The rule was there-
fore discharged.

The court discharged the rule. Defendants appealed.

Assignment of Error—Opinion of the Court. [260 Pa.

*Error assigned,* was the order of the court.

*William A. Golden,* with him *Robbin B. Wolf,* for appellants.

*A. E. Weger* and *Diamond & Zacharias,* for appellee, were not heard.

PER CURIAM, January 7, 1918:

The order discharging the rule to show cause why the sheriff's sale should not be set aside is affirmed on the opinion of the learned president judge of the court below.

---

# Osterling *v.* Allegheny Trust Company, Appellant.

*Banks and banking—Interest on deposits—Agreement as to rate —Evidence—Notation in books—Res gestæ—Statute of limitations —Points for charge founded on disputed evidence—Harmless error.*

1. In an action against a bank to recover interest on deposits, a notation on the books of the bank, stating the rate of interest, not disclosed to plaintiff, would not be evidence against the plaintiff to disprove the contract alleged by him concerning the rate of interest either as part of the res gestæ or upon any other proper theory.

2. Where plaintiff sues to recover interest at four per cent. per annum on his bank deposit and the entries in plaintiff's pass book are a transcript from defendant's ledger and it was admitted at the trial that they showed interest at the rate of two per cent. not four per cent. annually, the exclusion of evidence as to the ledger entries would be harmless error even if it was admissible.

3. The statute of limitations does not apply to a bank deposit until demand has been made, for the debt is not due until then. This rule refers to both principal and interest.

4. In an action of assumpsit to recover interest alleged to be due on bank deposits at an agreed rate of four per cent., where the bank alleged that the agreed rate was two per cent., it appeared that, while plaintiff was given a pass book about November 11, 1902, shortly after the deposit was made, no entry of interest was made therein until March 25, 1914. The entries disclosed the fact that the interest had been calculated at two per cent. instead of four per cent., the agreed rate as alleged by the plaintiff, where-