Potter County, Appellant, *v.* Heinrich.

Argued April 25, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused August 29, 1962.

*Martin J. Hindes,* for appellant.

*Paul D. Larimer,* with him *Robert F. Cox,* and *Owlett, Cox, Wilcox & Owlett,* for appellee.

Opinion by Mr. Justice Musmanno, June 28, 1962:

On June 27, 1930 a 126-acre tract of land in Stewardson Township, Potter County, assessed in the name of Jessie Francis Estate, was put up for tax sale for 1926 taxes. An A. F. Jones successfully bid on the property but later withdrew his bid and the county treasurer set the land for sale on July 28, 1930. On the latter date Margaret (Maggie) Francis, who had a one-twelfth interest in the property, bid the costs and taxes and the property was deeded to her. She sold the property on August 21, 1946 to Hurley Morgan who, in turn, conveyed the property on January 22, 1955 to Harvey A. Heinrich and Robert J. Heinrich, the defendants in this action.

On April 7, 1961 the County of Potter instituted an action of ejectment to recover possession of the land, claiming that a fraud had been perpetrated upon it in the following respect: "The plaintiff alleges that the said Maggie Francis and A. F. Jones deliberately colluded to defraud the County of Potter, by a scheme in which the said A. F. Jones was to make a false bid at the sale of June 27th and then withdraw it, for the purpose of giving the said county treasurer an excuse to attempt to set another date for a supposed sale; rather than giving a deed for it to the County of Potter, as he should have done." The plaintiff further averred that this "scheme" was "apparently participated in or at least winked at by the county treasurer".

The defendants filed preliminary objections in the nature of a demurrer which were sustained by the court below. The plaintiff appealed.

It is the contention of the plaintiff that when A. F. Jones made what it called a "false bid" the county treasurer should have treated the sale as a no-bid sale and have claimed the property for the county. Thus it reasoned that Margaret Francis held title to the property only as a trustee for the county and there-

fore could pass no title to succeeding purchasers. The county's position cannot be sustained.

It must be stated at once that, as declared by this Court in *Hess v. Westerwick*, 366 Pa. 90, 98, "The purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes."

The county has received its taxes and it has not shown that it has suffered any damage because of the sale consummated on July 28, 1930.

The plaintiff alleges that there was fraud involved in the tax sale. It seems strange that the county would wait thirty years before discovering the alleged fraud and taking the action indicated herein. Nor has it even at this late date established fraud. The mere fact that A. F. Jones withdrew his bid did not convert the June 27th sale into a no-bid sale because it cannot be arbitrarily assumed that if A. F. Jones had not appeared to bid, no one else would have done so. To hold generally that the withdrawal of a bid converts a transaction into a no-bid sale would be to nullify the authority vested in the county treasurer by section 7 of the Act of May 9, 1929, P. L. 1684, applicable at the time of sale.

That statute provides: "It shall be the duty of the purchaser or purchasers at said treasurer's sale, as soon as the property is struck down, to pay the amount of the purchase money, or such part thereof as may be necessary to pay all the taxes, penalties and costs, as also one dollar and fifty cents for the use of the prothonotary for entering the report of the treasurer and acknowledgment of the treasurer's deed, as hereinafter mentioned, and, in case said amount is not forthwith paid after the property is struck down, the sale may be avoided and the property immediately put up again by the said treasurer."

It is clear under this statute that the county treasurer may set up property for another sale where the

bidder fails to honor his bid regardless as to whether he was the only bidder or not. Nor is there any difference between a bidder announcing withdrawal of his bid and a bidder refusing to pay in accordance with the terms of his bid. In either case the bidder is seeking to avoid the consequence of his action, so as to bring about rescission of the sale. Both such instances would constitute a refusal to pay and in that event the county treasurer has the discretion either to hold him to the terms of his bid or to place the property again for sale.

In *Calhoun v. Commercial Credit Corp.*, 151 Pa. Superior Ct. 589, where the sheriff sued a defaulting purchaser of personal property at a sheriff's sale, the Court said: "Obviously, the sheriff is not required to pursue this action. To what extent is he free to exercise his own judgment or caprice? . . .

" 'Whether the sheriff will hold the purchaser to a strict compliance of the conditions of the sale or not is a matter between him and the purchaser of which no one else can complain . . .'. Zwinger v. Keim, 260 Pa. 62, 63, 103 A. 504."

In the case of *Zwinger v. Keim*, 260 Pa. 62, cited by the Superior Court, the sheriff had extended the time within which the successful bidder could complete payment of his bid. The judgment debtor complained that the sheriff had no authority to so change the conditions of the bidding and that he should have, upon nonpayment by the successful bidder at the time originally agreed upon, set up the property for resale which would have brought in a price higher than that at which it had been sold. The Court refused to interfere with the sheriff's discretion in the matter, saying "Whether the sheriff will hold the purchaser to a strict compliance of the conditions of sale or not is a matter between him and the purchaser, of which no one else can complain and least of all the defendant, whose duty it was to pay the judgment."

In conducting county tax sales the county treasurer is vested with the same discretion which is authorized in sheriff sales.

As already stated, the plaintiff averred in its complaint that the supposed fraud of A. F. Jones and Margaret Francis was "apparently participated in or at least winked at by the county treasurer". An averment, however, of this character falls far short of complying with Rule 1019(b) of the Rules of Civil Procedure which declares that "Averments of fraud or mistake shall be averred with particularity."

We hold, therefore, that the alleged collusive agreement between A. F. Jones and Margaret Francis, whereby the former was to place a bid, then withdraw it in order to delay the sale, could not deprive the county treasurer of the discretion invested in him either to hold A. F. Jones to the terms of his bid or to schedule another sale of the property. If, in fact, the bid of A. F. Jones caused other bidders to refrain from bidding, the county was in the same position it would have been in if an honest bid had been later withdrawn.

We are satisfied that the court below properly held that the circumstances of this case did not convert the alleged but unproved false bid into a no-bid sale, depriving the county treasurer of his discretion to set up a resale of the property.

Judgment affirmed.