## Calhoun *v.* Commercial Credit Corporation, Appellant.

Argued October 28, 1942.

590

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

*Alvin L. Little,* with him *Paul E. Beaver,* for appellant.

*Don C. Reiley,* with him *D. Cress Reiley,* of *Reiley & Reiley,* for appellee.

Opinion by Kenworthey, J., February 26, 1943:

A defaulting purchaser of personal property at a sheriff's sale defends against this action by the sheriff on the ground that the sale of other property brought enough to pay the judgment creditor and costs in full and that the debtor, after suit was commenced, released the sheriff from all liability to him for failure to collect.

The court below entered judgment for want of a sufficient affidavit of defense. We shall assume, as did the court below, that if he collects there will be no one to whom the sheriff will be required to make distribution; he will simply turn over the money to the debtor.[1]

Obviously the sheriff is not *required* to pursue this action. To what extent is he free to exercise his own judgment or caprice?

---

[1] The release was not broad enough to relieve the sheriff from his obligation to turn over to the debtor any money not needed to satisfy the judgment creditor and costs in the event he collects.

He alone can maintain the action and his rights are virtually tantamount to those of an owner of the property. *Gaskell v. Morris,* 7 W. & S. 32; *Hartman v. Pemberton,* 24 Pa. Superior Ct. 222; *Fretz v. Heller,* 2 W. & S. 397; *Adams v. Adams,* 4 Watts 160. The action is not, in law, the suit of either the judgment creditor or the debtor. Ibid. As stated in *Adams v. Adams,* supra at 161, "The sheriff in making the contract of sale ...... was not acting as agent of the (creditor); nor yet of any-one else. He is considered the principal himself in such cases, and the legal as well as real party making the contract of sale. Although it is true he acts in the character of a trustee, yet it must be borne in mind that it is as an officer of the law that he does so; and that it is from the law he derives all of his powers and authority; and in sales of property made by him as sheriff under this authority, he alone has the right to receive the money arising therefrom and is responsible for the legal appropriation of it ......"

"Whether the sheriff will hold the purchaser to a strict compliance of the conditions of the sale or not is a matter between him and the purchaser of which no one else can complain ......". *Zwinger v. Keim,* 260 Pa. 62, 63, 103 A. 504. Correlatively no one else can interfere with the enforcement by him of his right against the purchaser.

It may be that in insisting upon pursuing this action the sheriff is not acting with what we might consider good judgment. But as we regard the trend of the authorities it is better, in the broad view, that courts do not explore the matter. As Judge WRIGHT aptly said: "An execution is the end of the law and should not be the commencement of a new controversy." As stated in *Friedly v. Scheetz,* 9 S. & R. 156, 163, "...... a sale cannot be shaken except in case of fraud, or mis-description of the property in some material respect."

592

And in such case the remedy is "to apply to the proper court to have the sale set aside." *Dickson v. McCartney,* 226 Pa. 552, 556, 75 A. 735.

Defendant's other contention is that the lower court had no power to reverse its position regarding the sufficiency of the statement of claim; that the action of former Judge HARRY C. JAMES in sustaining the original statutory demurrer was conclusive. It is a complete answer that the order was not a final judgment. *American Surety Co. of New York v. Dixon,* 345 Pa. 328, 28 A. (2d) 316; Restatement, Judgments, §41, comment a.

The judgment is affirmed.