## Blair Motor Car Co., Inc., etc., v. Mervine et al. No. 1

*Paul E. Beaver* and *Alvin L. Little*, for plaintiff.
*Reiley & Reiley*, for sheriff, petitioner.

WRIGHT, P. J., July 30, 1943.—The question involved in this case is whether a sheriff, who is the garnishee in an attachment execution, may interplead another judgment creditor who claims the money in the sheriff's hands by virtue of a prior execution. The matter is complicated somewhat by the fact that the sheriff seeks to withhold a portion of the money in controversy for expenses, attorney's fees, and costs incurred in the creation of the fund.

The sheriff offered Mervine's car for sale upon a writ of execution. The car was sold to the Commercial Credit Company, hereinafter called company, which then refused to pay its bid. The sheriff turned the car over to the company and brought suit on the bid. The eventual result of this action was a judgment in favor of the sheriff in the full amount of his claim: see Calhoun v. Commercial Credit Corp., 151 Pa. Superior Ct. 589. While the said suit was being litigated, Cuppett issued an execution and had the sheriff levy upon such funds as might be due Mervine out of the recovery from the company. Promptly after discharging its liability, and before the sheriff had an opportunity to attempt to distribute the money, the company issued an attachment execution naming the sheriff as garnishee. Both the company and Cuppett contend that the money in the sheriff's hands properly belongs to Mervine, and both claim it, the company by virtue of its attachment execution and Cuppett by virtue of his prior execution. Confronted with this situation, the sheriff is asking for an interpleader under the procedural rules.

To the rule granted, the company answered: (1) The Act of June 22, 1931, P. L. 883, providing for sheriff's interpleader, specifically excepts attachment executions; (2) the Act of June 21, 1937, P. L. 1982, authorizing the Supreme Court to prescribe rules of practice and procedure, is unconstitutional; (3) the claims of Cuppett and the sheriff are not valid.

1. Sheriff's interpleader is a proceeding to determine title to levied goods claimed by a stranger to the writ. While this is an application by a sheriff for an interpleader, it is not a sheriff's interpleader, and we conclude that the Act of 1931 is not applicable. We see no reason why a sheriff may not ask for an interpleader under the procedural rules. The definition of the term "defendant", as set forth in Rule 2301, is intended to include garnishees in attachment execution.

2. The Act of June 21, 1937, P. L. 1982, sec. 1, as amended by the Act of March 30, 1939, P. L. 14, reads as follows:

"From and after the effective date of this act, the Supreme Court of Pennsylvania shall have the power to prescribe by general rule the forms of actions, process, writs, pleadings, and motions, and the practice and procedure in civil actions at law and in equity for the courts of common pleas of every county. . . . Provided, That such rules shall be consistent with the Constitution of this Commonwealth, and shall neither abridge, enlarge nor modify the substantive rights of any litigant nor the jurisdiction of any of the said courts, nor affect any statute of limitations. . . . At the time of the adoption, promulgation, and publication of its general rules, the Supreme Court shall fix the effective date thereof, which shall not be less than six months from the date of the adoption thereof. . . .

"From and after the effective date of any rule promulgated under this section 1, and so long as said rule shall be operative, the operation of any act of Assembly relating to practice or procedure in such courts, and inconsistent with such rule, shall be suspended in so far as such act may be inconsistent with such rule."

The attack is based upon the second paragraph above quoted. It is argued that this language contains a delegation of law-making power, as the Supreme Court is thereby given the right to suspend the operation of statutes. We hold that the act is not unconstitutional. Section 12 of article I of our State Constitution expressly recognizes that laws may be suspended by the authority of the legislature. The making of laws is purely a legislative act, but the determination by some agency when, if ever, their operation shall be suspended, has never been so considered: Young et al. v. Fetterolf et al., 320 Pa. 289, 296. Acting under the authority of the legislature, the Supreme Court, by promulgating a rule of practice which may be inconsistent with some

statute, is merely declaring the event upon which the expressed will of the legislature is to take effect. The actual suspension is the action of the legislature. In the frequently quoted language of Justice Agnew: "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government": Locke's Appeal, 72 Pa. 491, 498.

3. As we see it, the validity of the respective claims is not now before us. The immediate situation is that a fund in the hands of the sheriff is sought by three claimants, including the sheriff himself, and the court is asked to grant an interpleader. We feel that our present decision should be limited solely to the question of granting the interpleader and that the question of the merits of the claims should be deferred until after the interpleader is granted.

It should be noted that the company does not contend that a petitioner for interpleader may not claim an interest in the fund in controversy. Rule 2303 eliminates the restriction under prior practice which required a defendant seeking interpleader to disclaim all interest in the action. Whether this extension is merely a matter of practice and procedure, such as was authorized by the Procedural Rules Act, or is an abridgement, enlargement, or modification of the substantive rights of litigants, such as was withheld by said act, was questioned but not decided by Judge Keller in Prudential Ins. Co. of America v. Grabowski et al., 144 Pa. Superior Ct. 243, 248.

### Decree

Now, July 30, 1943, the petition of David E. Calhoun, sheriff, garnishee, is granted, and John P. Cuppett is added to the record as a party plaintiff and enjoined from commencing or further prosecuting any

action in any court against David E. Calhoun, sheriff, to enforce in whole or in part any claim against him set forth in said petition, except as a party to the above-entitled action.

Now, therefore, we command you, the sheriff of the County of Bedford, to direct claimant, John P. Cuppett, Bedford, Pa., to file in the above-entitled action, in the office of the prothonotary of the Court of Common Pleas of Bedford County, Pa., a complaint, within 20 days after being served with copies of the petition for interpleader, and this order and all pleadings heretofore filed in the above-entitled action, if said service was made within your county, or within 30 days of said service, if said service was made within any county of this Commonwealth.