## East Girard Savings and Loan Association v. Powell

290

*Howard M. Kuehner*, for plaintiff.

*Arthur M. Soll*, for intervenor.

OLIVER, P. J., December 3, 1956.—This case is before us on the petition of J. D. Kane to intervene as party plaintiff in an action for mortgage foreclosure brought by the East Girard Savings and Loan Association against Jessie G. Powell.

Petitioner has a judgment of $850 against defendant Powell. This judgment is a lien on the premises 1703 North 19th Street in Philadelphia, but it is junior to a mortgage lien held by East Girard on the same property.

On July 2, 1956, East Girard executed on this property, as a result of which it was on that day sold at sheriff's sale to one Ralph Heller for $3,300. After deducting East Girard's judgment and the sheriff's costs, $52.07 was available for distribution to petitioner, the junior lienholder.

Under the published terms of the sale, the purchaser was required to deposit 10 percent of his bid at the time of the sale. The balance of the purchase money was to be deposited with "the Sheriff, at his office, within twenty-one (21) days from the time of the sale, without any demand for same being made by the Sheriff; otherwise, the Sheriff may settle with a second bidder who has made the required deposit, upon receipt of the highest sum bid, less the deposit already made, within twenty-one (21) days after the first bidder's failure to settle, or in case no second

bidder be registered, the property may be sold again at the risk of the defaulting bidder. . . ."

On August 7, 1952, the purchaser, having been given an extension of time by the sheriff, had not as yet made final settlement. At that time, and on three subsequent occasions, petitioner requested the sheriff to resell the property at public sale. The sheriff refused to do so and, on November 1, 1956, petitioner filed this petition to intervene as party plaintiff. Although all procedings were stayed on November 1, 1956, by order of this court, and notice of such stay was served upon the sheriff personally on November 2, 1956, he thereafter, in violation of such stay, on November 7, 1956, attempted to make final settlement with the purchaser Heller.

Briefly, this case involves the right of a junior lienholder to intervene in a sheriff sale after the 21 days provided for in the sheriff's notice of sale has expired, in order to compel the sheriff to reëxpose a property previously sold, but for which final settlement has not yet been made.

Petitioner contends that the delay by the purchaser has prejudiced him, the junior lienholder, in that the judgment of the senior mortgagee has been bearing interest since the date of the sale. This accumulation of interest has been diminishing the fund available for distribution to the junior lienholder. In addition, petitioner maintains that, since the purchaser failed to make settlement in accordance with the terms of his bid, it would be only fair and equitable to reëxpose this property and give him, the junior lienholder, an opportunity to bid at the resale. At the argument, petitioner assured the court that he will pay the sheriff's costs incurred at the first sale and will guarantee payment of the full amount of the senior mortgagee's judgment if the property is ordered to be resold.

Our courts have consistently held that the resale of a property after the purchaser has failed to comply

with the terms of his bid, is a matter within the discretion of the sheriff: Acker v. Snyder, 250 Pa. 57 (1915); Hartman v. Pemberton, 24 Pa. Superior Ct. 222, 227 (1904).

" 'Whether the Sheriff will hold the purchaser to a strict compliance of the conditions of the sale or not is a matter between him and the purchaser of which no one else can complain . . .': Zwinger v. Keim, 260 Pa. 62, 63 . . . no one else can interfere with the enforcement by him of his right against the purchaser": Calhoun v. Commercial Credit Corp., 151 Pa. Superior Ct. 589, 591 (1943).

We should therefore intervene only if the sheriff has abused this discretionary power, for: " 'An execution is the end of the law and should not be the commencement of a new controversy' ": Calhoun v. Commercial Credit Corp., supra.

Here the sheriff delayed making settlement with the purchaser for more than 120 days. If, as alleged by petitioner, mounting interest in favor of the senior mortgagee is diminishing the fund available for distribution to junior lienholders, obviously petitioner has been injured by such delay.

The 21-day period is specified by the sheriff in order to compel speculators and mortgagees buying foreclosed properties to make final settlement promptly. Actually, the customary time for making settlement after sheriff sales in Philadelphia is between 45 to 60 days. Practical considerations often dictate this extended period of time. Many of these sales involve property with doubtful title; excess water bills have to be finally determined; and distribution policies, as a result, are frequently not issued by the title companies within the 21-day period. However, the greatest delay is often caused by efforts of purchasers to secure financing for the balance of their bid price. Thus, if purchasers at sheriff sales are held strictly

to the 21-day period in which to make settlement, it would become difficult for the sheriff to attract enough buyers.

In light of the past practice of the sheriff's office of requiring settlement within 45 to 60 days, we believe the more than 120-day delay permitted in this case was an abuse of the sheriff's discretion. He should have reëxposed this property for resale as requested by petitioner.

As the senior mortgagee acknowledges he approved the extensions of time given to the purchaser, he is not entitled to interest on his judgment caused by the delay beyond the 21-day period. Otherwise, he would be receiving interest at the expense of the junior lienholder.

The failure of the sheriff to respect the stay of proceedings ordered by this court is inexcusable. The court cannot recognize as valid any action taken in violation of that order.

### Order

And now, December 3, 1956, the prayer of petitioner is granted and J. D. Kane is permitted to intervene as party plaintiff.

The sheriff is directed to reëxpose premises. 1703 North 19th Street, Philadelphia, at public sale, provided petitioner (Kane) within 15 days from date hereof pays the sheriff the costs of the prior sale and, in writing, guarantees payment in full of the senior mortgagee's judgment upon the resale, with interest to July 23, 1956.

In the event that the purchaser or bidder at the second sale is the same individual as the bidder at the first sale, then the deposit made at the first sale shall be allowed as a partial payment on the deposit required on the resale; in event that the bidder at the second sale is not the same individual as the bidder at the first sale, then the deposit made at the first sale shall be returned to the said bidder.