**Rein v. Sacks**

*Cohen, Shapiro & Cohen*, for plaintiff.
*Louis Greenblatt*, for defendants.

Bok, P. J., April 10, 1958.—This is a rule on plaintiff and the sheriff of Philadelphia County to show cause why the sheriff should not confirm sale of certain real estate to petitioner.

The action arises out of a rather complicated execution proceeding during the course of which the particular properties involved were put up for sale on three different occasions. The first sale occurred on March 4, 1957. Petitioner's bid of $55,500 was the highest bid, and at that time petitioner deposited with the sheriff the sum of $5,550. The properties again were exposed for sale by the sheriff on May 6, 1957, at which time petitioner again was the highest bidder. This time his bid was $52,500, and, pursuant to the terms of the sale, the sum of $5,250 was deposited with the sheriff. Neither of these two sales was completed.

A new mortgage foreclosure proceeding was instituted in which the United States of America was made a defendant along with the mortgagor. Apparently this was necessary because of certain tax liens against the properties. Plaintiff obtained a judgment in this action and preparations were made to put the properties up for sale for the third time. At this point, petitioner, as a result of the previous sales, had on deposit with the sheriff the sum of $10,800. On November 29, 1957, petitioner spoke with deputy sheriff Gallagher and they agreed that petitioner might use the $10,800, or whatever part of it might be necessary, as the deposit for the purchase of these properties at the sheriff's sale scheduled for December 2, 1957, in the

event that petitioner was the highest bidder, which turned out to be the case. This time his bid was $56,-600. Instead of depositing the sum of $5,660, petitioner tendered the receipts evidencing the previous deposits and asked that he be credited for such amount pursuant to the agreement with deputy sheriff Gallagher. As fate would have it, Gallagher was not present at the sale, and the individual conducting the sale apparently was unwilling to take responsibility for such a deviation from the traditional procedure. Petitioner thereupon left the sale. Meanwhile the attorney on the writ deposited with the sheriff the sum of $5,650, representing 10 percent of his bid.

This rule to confirm the sale to petitioner was filed on January 20, 1958. In spite of this, however, the sheriff executed a deed to these properties on January 27, 1958, to one Samuel Katz, assignee of plaintiff.

Before proceeding to the merits, a procedural point needs to be considered. Plaintiff argues that the remedy of a person aggrieved by the action of the sheriff in selling real estate is to file a motion to set aside the sale or take exception to its confirmation. See Act of April 22, 1905, P. L. 265, 12 PS §§2536 and 2537. Petitioner has not done this. It would have been surprising if he had, in view of the fact that at the time this rule was filed, the sheriff had not yet deeded the properties to the plaintiff's assignee. It is precisely for this reason that plaintiff's objection must be dismissed. In determining whether petitioner's procedure is proper, events subsequent to the institution of the action could hardly be considered, especially when such events result from the efforts of the other litigants.

The thrust of plaintiff's defense to the rule is that the sheriff is without authority to permit funds previously deposited against the purchase price of a property on defaulted bids to be used as a deposit in a later sale, before it is judicially determined that the bidder

is entitled to use these funds. The conditions of sale for the sheriff's sale provide:

"The deposit made by any bidder who fails to comply with the above conditions shall be forfeited and applied on the purchase of the property by any second bidder, or, if the property is resold, to any liens or equitable claims thereon discharged thereby but not satisfied out of the proceeds thereof, including the right of any real owners to have the highest bid first made realized."

From the foregoing, it readily appears that a forfeited deposit serves as a fund from which damages resulting from a bidder's failure to complete the purchase are to be satisfied. The question, therefore, is whether plaintiff had any interest in this fund such as would give her standing to challenge its disposition.

The sheriff has broad discretion in the conduct of a judicial sale: East Girard Savings and Loan Association v. Powell, 11 D. & C. 2d 289 (1955). On this point the following excerpt from Calhoun v. Commercial Credit Corporation, 151 Pa. Superior Ct. 589 (1943), is significant:

" 'The sheriff in making the contract of sale . . . was not acting as agent of the (creditor) ; nor yet of anyone else. He is considered the principal himself in such cases, and the legal as well as the real party making the contract of sale. Although it is true that he acts in the character of a trustee, yet it must be borne in mind that it is as an officer of the law that he does so; and that it is from the law he derives all his powers and authority; and in sales of property made by him as sheriff under this authority, *he alone has the right to receive the money arising therefrom and is responsible for the legal appropriation of it. . . .*" (Italics supplied.)

It would seem, therefore, that the sheriff has the power to make any agreement he wishes. Plaintiff's

remedy is to sue the sheriff for any damages she might have sustained as the result of his actions. I might also add that I fail to see how plaintiff has been injured by the agreement between the sheriff and petitioner. Since the sheriff retained control of the fund, there was never any danger of its being dissipated.

Finally, plaintiff contends that the rule should be discharged because the petitioner has failed to tender the balance of the purchase price to the sheriff. The circumstances are such that petitioner may have been justified in assuming that such a tender would have been a useless formality. Be that as it may, such an objection is for the sheriff to raise. The matter is of no concern to plaintiff.

Rule absolute.