## Royson Engineering Co. v. The Magnavox Corporation

*Roland J. Christy*, for plaintiff.

*Charles Blasband*, for defendant.

DANNEHOWER, P. J., March 23, 1961.—The narrow issue raised by these preliminary objections is whether or not a writ of foreign attachment will lie against funds in the hands of a garnishee but already subject to attachment execution sur judgment. The essential facts upon which determination of this question depends are not in dispute and may be briefly stated.

In January 1958, the Magnavox Corporation filed a complaint against Royson Engineering Company seeking recovery of the purchase price of certain thermal cut-outs. Defendant Royson filed an answer and counterclaim in this action. Following a trial in March 1960, verdict and judgment were entered for Magnavox in the amount of $3,611.98. Motions for judgment n. o. v. and for a new trial were refused.

During the course of the trial, Royson sought to amend its counterclaim, but the court, on objections by counsel for Magnavox, refused leave. The counterclaim was then withdrawn.

On November 14, 1960, in satisfaction of its judgment, Magnavox caused attachment execution to be issued against funds of Royson on deposit with the Philadelphia National Bank. The writ was served, but the funds remained in the bank's possession. Subsequently, on November 29, 1960, Royson caused a writ of foreign attachment to be issued against Magnavox, naming the Philadelphia National Bank as garnishee. This writ of foreign attachment was directed against the same funds described above.

In a complaint filed December 5, 1960, naming Magnavox and the garnishee bank as defendants, Royson set forth the same cause of action which it had previously set forth by counterclaim.

Magnavox then filed the preliminary objections which are now pending for decision.

The Pennsylvania Rules of Civil Procedure provide that a writ of foreign attachment may be issued against a defendant foreign corporation having non-exempt real or personal property within this Commonwealth when the writ is served: Pa. R. C. P. 1252-1255; 2 Goodrich-Am. §§1252-1, 1252-7, 1252-9, and 1252-10. It is not disputed that Magnavox is a Delaware corporation having its principal place of business in Indiana.

The crux of the present controversy is whether or not Magnavox had any property in the hands of the garnishee bank on the date of service of the writ. In contending that it did, Royson relies upon cases holding that an attachment execution works an assignment to the judgment plaintiff of the debt due the judgment defendant from the garnishee: Boyd Estate, 394 Pa. 225, 242 (1958); Trainer Estate, 166 Pa. Superior Ct. 472, 475 (1950) (citing earlier cases). Thus, says Royson, by virtue of Magnavox' earlier attachment, the funds held by the garnishee bank became its property and subject to foreign attachment.

With equal vigor, Magnavox relies upon the long-standing rule that property *in custodia legis* is immune from further attachment: 2 Goodrich-Am. §§1252-10, and cases cited.

In order to resolve this apparent conflict of judicial statements, it is necessary to go behind the mere statement of the words "assignment" and *"in custodia legis."* The reasoning behind the latter term has been well stated by our Supreme Court in Weicht v. Automobile Banking Corp., 354 Pa. 433 (1946), at pages 434-35:

"The reason for the immunity of property *in custodia legis* is that to permit attachment or execution thereon by others would require a public officer to appear and defend a multitude of actions regarding the right to possession and would cause confusion and de-

lay in the execution of legal process. Protection of the rule of *custodia legis* is removed when the purpose for which the property is held has been achieved. . . . In each case it is for the court to decide whether there was such custody of the law as should prevent the second attachment. . . ."

Instead of an unyielding formula, *in custodia legis* expresses a flexible policy of the law, serving a useful purpose in its orderly administration. A further expression of this view is found in judicial statements that execution is the end of the law and should not be the commencement of new controversy: Calhoun v. Commercial Credit Corporation, 151 Pa. Superior Ct. 589, 591 (1943); McHugh v. Landherr, 52 D. & C. 481, 484 (1945).

In the Weicht case, supra, the court found that the manual possession of an automobile by the sheriff was only for the purpose of delivery under a writ of *de retorno habendo* to defendant. The court ruled that this property was, under these circumstances, no longer *in custodia legis*. In the case now before us, Royson argues that the funds in question are not *in custodia legis* because not in the actual possession of the sheriff. This view, when coupled with the language of the Supreme Court in the Weicht case, supra, would unduly restrict the implementation of the policy behind this rule of law. It would be operative only after manual possession was acquired by the sheriff and before "nothing remained to be done except the manual delivery" to the attaching creditor.

On the present facts, we are unwilling to so dilute the rule of *custodia legis*. Nor do we read Boyd Estate, supra, or the earlier authority establishing the "assignment" theory, as requiring a contrary result. Those cases are concerned with the final result of the attachment execution process; *in custodia legis* governs only its intermediary stages. In addition, Boyd

638

Estate, supra, did not involve a second attachment but an intervening bankruptcy adjudication. The alternative faced by the court was to remit the attaching creditors, all of whom had effected their attachments prior to the four month preferential period, to the uncertainties and additional delay of the bankruptcy proceeding.

Since we do not regard the funds in the hands of the garnishee bank as property of Magnavox, and no other property of Magnavox existed within our jurisdiction at the time of service of Royson's writ of foreign attachment, the funds in question must be released from this foreign attachment.

### Order

And now, March 23, 1961, following argument, the preliminary objections of defendant Magnavox Corporation raising a question of jurisdiction are hereby sustained, and the funds under writ of foreign attachment in the hands of the Philadelphia National Bank as garnishee are released therefrom. An exception is allowed.