568 A.2d 1261

**GREATER PITTSBURGH BUSINESS DEVELOPMENT COR-PORATION, Debtor, Philip E. Beard, Trustee, Appellee,**

v.

**Melvin A. BRAUNSTEIN, an Individual d/b/a M.A. Braunstein Company, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 1989.

Filed Dec. 15, 1989.

Reargument Denied Jan. 31, 1990.

David Abrams, Pittsburgh, for appellant.

Paul R. Rennie, Pittsburgh, for appellee.

Before OLSZEWSKI, MONTEMURO and KELLY, JJ.

KELLY, Judge:

In this opinion, we are called upon to determine whether the trial court erred when it denied a petition to set aside a sheriff's sale of personalty which had alleged that the price was grossly inadequate; that the personalty was described in a vague manner; that the applicable notice provisions of the Pennsylvania Rules of Civil Procedure were not fol-

lowed; and, that the applicant's due process rights were violated. We affirm the order of the trial court.

The facts and procedural history may be summarized as follows. Appellee, Greater Pittsburgh Business Development Corporation, ("Corporation"), through its trustee, Philip E. Beard, filed an action in the United States Bankruptcy Court for the Western District of Pennsylvania against Melvin A. Braunstein, an individual D/B/A M.A. Braunstein Company, ("Braunstein"), a scrap and salvage dealer, to recover certain rents due for property rented by Braunstein. On April 20, 1987, an order was entered in the Bankruptcy Court in favor of the Corporation and against Braunstein in the amount of $81,948.32. Braunstein appealed; however, no bond was posted to stay execution.

A judgment roll of the Bankruptcy Court judgment was recorded with the Court of Common Pleas of Allegheny County on July 8, 1987, and on September 8, 1987, the Corporation filed its writ of execution. The Deputy Sheriff of Allegheny County levied upon Braunstein's personal property in October of 1987. On November 10, 1987, Braunstein filed a motion to compel the sale of the personal property on an item by item basis, which was denied. A sheriff's sale was scheduled for November 12, 1987, but was postponed until January 27, 1988. On that date, at the time scheduled for the sale, counsel for the Corporation requested postponement. The Deputy Sheriff then announced that the sale would be rescheduled for February 3, 1988. The sheriff's sale was conducted on February 3, 1988, and concluded for the price of $2350.00. On February 5, 1988, Braunstein filed a motion to set aside the sheriff sale. The Corporation filed a reply to Braunstein's motion. On March 3, 1988, the trial court denied Braunstein's motion and its order was entered on the docket.

On April 12, 1988, Braunstein filed a motion to vacate, reconsider, or redocket the trial court's order of March 3, 1988, alleging that he did not receive notice of the entry of the order and requesting the trial court to vacate, reconsider and/or redocket the order to preserve his appellate

rights. On April 14, 1988, the Corporation filed a reply in which it was acknowledged that notice of the order entered March 3, 1988, was not received in the mail, but alleged that the notice published in the Pittsburgh Legal Journal on March 9, 1988, was an adequate substitute. On April 15, 1988, the court entered an order which vacated the March 3, 1988 order, and which denied Braunstein's motion to set aside the sheriff's sale. On May 11, 1988, Braunstein filed this appeal.

Review of the docket reveals that notice of the entry of the March 3, 1988 order was *not* sent to the parties as required by Pa.R.C.P. 236(b). A proper appeal could not be filed until the court entered its April 15, 1988 order and notice was properly sent to the parties. *See Speight v. Burens*, 371 Pa.Super. 478, 481 n. 3, 538 A.2d 542, 543 n. 3 (1988); *Estate of Keefauver*, 359 Pa.Super. 336, 338–339, 518 A.2d 1263, 1264–1265 (1986); *see also* Pa.R.A.P. 903(a) and 108(b); Pa.R.C.P. 236(b). Hence, we find the appeal to have been timely.

On appeal, Braunstein raises the following issue for our consideration:

> Whether the lower court erred in denying issuance to Melvin A. Braunstein d/b/a M.A. Braunstein Company of a rule to show cause why sheriff's sale of personal property should not be set aside, where Melvin A. Braunstein has asserted errors in the levy, post-levy, and conduct of sale on the personal property of Melvin A. Braunstein as well as a constitutional infirmity in the procedures for Sheriff Sales of personal property under the Pennsylvania Rules of Civil Procedure.

(Appellant/Braunstein's Brief at 5). For the reasons which follow, we find that the trial court committed no errors, and we affirm its denial of Braunstein's petition to set aside the sheriff sale.

Initially, we note that this appeal arises from the denial of a petition to set aside a sheriff's sale that was filed pursuant to Pa.R.C.P. 3132 which provides:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132. Such petitions are grounded in equitable principles and are addressed to the sound discretion of the trial court, whose decision will not be disturbed absent a clear abuse of discretion. *Bornman v. Gordon*, 363 Pa.Super. 607, 611, 527 A.2d 109, 111 (1987) (collecting cases), *appeal denied*, 517 Pa. 620, 538 A.2d 874 (1988); *Continental Bank v. Frank*, 343 Pa.Super. 477, 484, 495 A.2d 565, 568 (1985). As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence. *Bornman v. Gordon, supra.*

With these principles in mind, we turn to the specific claims raised here on appeal. Braunstein contends that the trial court erred in denying his petition to set aside the sheriff sale because (1) the failure to sell the personal property on an item by item basis resulted in a grossly inadequate price; (2) the personal property was described in an impermissibly vague manner; (3) the Rules of Civil Procedure which pertain to sheriff's sales were not properly followed; and (4) the sheriff's sale procedures violated his right to due process. We find no merit in Braunstein's contentions.

## I. *Alleged Gross Inadequacy of Sheriff's Sale Price*

Braunstein contends that a grossly inadequate price was obtained from the sale because the items were sold in bulk and not on an item by item basis. Prior to the sale, Braunstein made a motion to complete the sale on an item by item basis which was denied. Braunstein argues that if

the items had not been sold in bulk, a greater amount could have been obtained.

■ While mere inadequacy of price is not a sufficient basis for setting aside a sheriff's sale, it has long been established that *gross* inadequacy of price is a sufficient basis. *Continental Bank v. Frank, supra,* 495 A.2d at 568 (citations omitted) (emphasis added). Absent evidence of the actual or estimated value of the property sold, however, a determination of gross inadequacy cannot be made. *Bornman v. Gordon, supra,* 527 A.2d at 112.

Braunstein has failed to offer any evidence whatsoever regarding the value of the personal property sold by the sheriff. Absent competent evidence to support Braunstein's bare assertions, we cannot find that the trial court erred in refusing to set aside the sale for gross inadequacy of price.[1]

## II. *Alleged Inadequacy of Property Description in Handbills*

Braunstein next contends that the vague description of the personal property to be sold as set forth in the handbills of the Sheriff of Allegheny County warranted setting aside the sale, or the issuance of a rule to show cause why the sale should not be set aside, because it detracted prospective bidders. Braunstein argues that a vague description is equal to or worse than a misdescription.

■ Misdescription of the property to be sold at a sheriff's sale may be grounds for setting aside the sale if the property is 'misdescribed' in some *material* respect. *Calhoun v. Commercial Credit Corp.*, 151 Pa.Super. 589, 591, 30 A.2d 735, 736 (1943) (emphasis added). It is conceivable that descriptions of property in sheriff's sale handbills, in particular cases, could be so vague as to achieve the same

---

1. We note, moreover, that the sheriff merely followed the trial court's directive to sell the personal property in bulk. Because Braunstein failed to demonstrate that a greater price would have been achieved, we find no abuse of discretion by the trial court in ordering the sale to be conducted in bulk rather than on an item by item basis.

effect as a material misdescription in detracting potential bidders. Nonetheless, as with alleged misdescription, the burden would remain upon the applicant to establish by *clear* evidence that the alleged *under*-description was *material. Cf. Bornman v. Gordon, supra; Calhoun v. Commercial Credit Corp., supra.*

Instantly, Braunstein has failed to show that the description of the personal property actually deterred prospective bidders. The Corporation, in its reply to Braunstein's motion to set aside the Sheriff's sale, states that the "Sheriff's Levy specifically listed approximately 21 items and also referred to all other personal property of the Defendant." (Reply to Motion to Set Aside Sheriff's Sale, filed 2/16/88). This assertion has not been contested by Braunstein. As with the prior claim, Braunstein has failed to demonstrate that his bare assertion of prejudice has any basis in fact. Hence, we find the claim to be without merit.

### III. *Alleged Defects in the Sheriff Sale Proceedings*

Braunstein next contends that the trial court erred in denying his motion to set aside the sheriff sale and in refusing to issue a rule to show cause why the sale should not be set aside because the applicable notice provisions of the Pennsylvania Rules of Civil Procedure were not followed. In fact, however, the applicable rules were followed.

In the instant case, the writ of execution states that the sale was to be conducted on November 12, 1987. The record reveals that property claims were filed in early November of 1987, by Merrill Pendergast, Robert L. Braunstein, and Dennis Ticke. In early December of 1987, the Corporation filed an exception to the property claim of Merrill Pendergast. The writ of execution indicates that the sale was re-advertised on "January 13, 1987,"[2] to take

---

**2.** Though the writ of execution by apparent clerical error indicates 1987, we note that 1988 was the correct year.

place on January 27, 1988. On January 27, 1988, the Corporation requested that the sale be postponed for a week in order to contact more bidders. The Deputy Sheriff announced that the sale would take place on February 3, 1988. The sale occurred on that date and the personal property was sold for $2350.00.

Notice of a sale is intended to advertise the sale and insure the presence of bidders. Pa.R.C.P. 3128, "Notice of sale. Personal Property" provides in pertinent part:

(a) Notice of sale of personal property shall be given by the sheriff at least six (6) days prior to sale by handbills posted at the sheriff's office, the place of sale and the place of levy, if different from the place of sale.

* * * * * *

(c) If the sale is stayed, or continued or adjourned generally, new notice shall be given as provided by Subdivisions (a) and (b). *If the sale is continued or adjourned at the direction of the plaintiff to a date certain within thirty (30) days, the public announcement of the adjournment and new date is made to the bidders assembled at the time and place originally fixed for the sale, no new notice shall be required,* but there may be only one such continuance or adjournment to a date certain without new notice.

* * * * * *

Pa.R.C.P. 3128(a) and (c) (emphasis added). The burden of showing inadequate notice resulting in prejudice is upon the person who seeks to set aside the sale. *Bornman v. Gordon, supra,* 527 A.2d at 113. Absent evidence that the sale price was inadequate, a court will be reluctant to find prejudice sufficient to require another sale. *Bornman v. Gordon, supra.*

Instantly, we find that the notations on the writ of execution reveal complete compliance with the notice re-

quirements of the Pennsylvania Rules of Civil Procedure. The sale was initially delayed upon the filing of the property claims by third parties in accordance with Pa.R.C.P. 3121.[3] The sale was rescheduled for January 27, 1988, and re-advertised on January 13, 1988, in compliance with Pa.R.C.P. 3128(a). The sale was stayed on January 27, 1988, at the Plaintiff/Corporation's request, until February 3, 1988. The Corporation alleges that the Deputy Sheriff announced the stay and a new sale date within thirty days before the assembled bidders at the time and place scheduled for the sale; and therefore, no re-advertisement was required according to Pa.R.C.P. 3128(c). Braunstein does not contest that a public announcement was made; nor has he produced any evidence to suggest the contrary. Consequently, we find Braunstein's unsubstantiated claim of procedural irregularity to be without merit.

IV. *Due Process Challenge to Sheriff's Sale Procedures*

█ Finally, Braunstein contends that Pa.R.C.P. 3132 fails to afford a judgment debtor "due process" in direct violation of the Fourteenth Amendment. Braunstein argues that because the rule only provides relief if a petition to set aside a sale is filed before delivery of the personal property, and delivery is effectively made simultaneously with the sale, it is physically impossible for the judgment debtor to protect himself using Rule 3132, under the system of sale and delivery applicable to the Sheriff of Allegheny County, Pennsylvania. Braunstein further notes that the sale occurred on February 3, 1988, but that the Sheriff's

3. A sheriff sale may be stayed in accordance with Pa.R.C.P. 3121, "Stay of Execution. Setting Aside Execution" which provides in pertinent part:
    (a) Execution shall be stayed as to all or any party of the property of the defendant
*    *    *    *    *    *
    (3) pending disposition of a property claim filed by a third party;
. . . .
Pa.R.C.P. 3121(a)(3).

special return was not dated until February 8, 1988, approximately three days after Braunstein filed his motion to set aside the sale.

We find Braunstein's contention that he was denied due process to be without merit. He attended and participated in the bankruptcy court proceedings which resulted in the judgment roll entered into the Court of Common Pleas of Allegheny County and the subsequent writ of execution. Braunstein and his attorney participated fully in all stages of the proceedings arising from that writ of execution. Nowhere has Braunstein supported his vague assertion that delivery ordinarily occurs simultaneously with sale; importantly, he has not alleged that such occurred here. Indeed, Braunstein has failed to allege any harm or negative effect resulting to him in this case due to the alleged defect in Rule 3132. "It is a fundamental principle of constitutional law that a challenge to a statute may not be raised in the abstract, but must find its basis in an injury to the party seeking to have the enactment declared constitutionally infirm." *Commonwealth v. Bell,* 512 Pa. 334, 342–343, 516 A.2d 1172, 1177 (1986) (collecting cases). Braunstein's abstract due process challenge is therefore rejected.

### Conclusion

Based upon the foregoing, the trial court order of April 15, 1988, denying Braunstein's motion to set aside the sheriff sale is AFFIRMED.

ORDER AFFIRMED.