J-A19020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CADLES OF GRASSY MEADOWS, II, LLC, SUBSTITUTED PLAINTIFF TO BROWN BARK I, L.P., ASSIGNEE OF SOVEREIGN BANK, SUCCESSOR BY MERGER TO MAIN STREET BANK | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1691 MDA 2017 |
| BET SHAVEI-TZION A/K/A BET SHAVEI-TZION, INTERNATIONAL AND/OR BET SHAVEI-TZION, LTD., INTERNATIONAL | : : : : : | |
| Appellant | : : : | |

Appeal from the Order Dated October 4, 2017
In the Court of Common Pleas of Wyoming County Civil Division at
No(s):  2007-00331

BEFORE:  GANTMAN, P.J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                **FILED NOVEMBER 20, 2018**

Appellant Bet Shavei-Tzion appeals from the order denying its petition to set aside and/or vacate the sheriff's sale of a 95-acre parcel.  Appellant asserts that the trial court erred by permitting Appellee Cadles of Grassy Meadows, II, LLC, to foreclose upon a 275-acre parcel of land despite the prior dismissal of a mortgage foreclosure action as to the 275-acre parcel. Appellant also argues that the property sold at sheriff's sale was incorrectly advertised with an inaccurate legal description.  We affirm.

This matter involves two parcels of land that were the subject of a mortgage foreclosure action Appellee's predecessor in interest[1] (referred to as Appellee) brought in 2007. Appellee initiated a mortgage foreclosure action regarding one parcel that was approximately 275 acres and was identified as parcel no. 03-38-67-01 ("parcel 03-38-67-01") and a second parcel that was approximately 95 acres and was identified as parcel no. 03-38-65 ("parcel 03-38-65").

Parcel 03-38-65 was described during the mortgage foreclosure proceedings by the following:

**LEGAL DESCRIPTION**

Real estate located on Mount Zion Road, Eaton Township, Wyoming County, Pennsylvania and known as Parcel no. 03-38-65 and more fully described as: . . .

CONTAINING 190.64 acres, more or less.

EXCEPTING AND RESERVING from the above described parcel, the following:

FIRST THEREOF:

BEGINNING at the southeast corner . . .

THENCE along line of lands of said Dombek . . . to the place of beginning.

SECOND THEREOF:

BEGINNING at a point in the southerly line of Parcel B . . .

THENCE bearing South . . . to the place of beginning.

. . .

---

[1] Appellee was the substituted plaintiff in this action to Brown Bark I, L.P., assignee of Sovereign Bank, successor by merger to Main Street Bank.

**BEING PARCEL** No. 03-38-65.

Answer to Appellant's Pet. to Strike-Off or Stay the Mortgage Foreclosure Sheriff's Sale of February 23, 2017, Ex. 3.

In 2009, Appellant filed a summary judgment motion seeking, *inter alia*, to have the mortgage foreclosure action dismissed as to parcel 03-38-67-01 since it was "not included as pledged collateral as a necessary element of asset of the cause of action on any mortgage agreement." Mot. for Summ. J., 4/30/09, at 2. Appellant also sought to have the action dismissed because the 95-acre parcel, *i.e.*, parcel 03-38-65, was "not explicitly identified and included in writing as a necessary element of the cause of action on any mortgage agreement." *Id.* at 2. In other words, Appellant pursued dismissal because the mortgage document failed to sufficiently identify the parcels of land at issue. The trial court granted summary judgment as to parcel 03-38-67-01 on August 26, 2009, because it could not be disputed that it was insufficiently described in the mortgage as to create a lien. *See* Order, 8/26/09.

A non-jury trial was held as to whether a mortgage existed on the remaining parcel 03-38-65, and the trial court held that such a mortgage was valid because it concluded Appellant was in default and found in favor of Appellee. *See* Order, 11/19/14. Appellant appealed the judgment to this Court. *See Cadles of Grassy Meadows, II, LLC v. Shavei-Tzion*, 2016 WL 3166669 (Pa. Super. filed June 7, 2016) (unpublished mem.) (*Cadles I*). In *Cadles I*, Appellant argued that the trial court "improperly

- 3 -

permitted foreclosure on both" parcel 03-38-65 and parcel 03-38-67-01. **Id.** at *3. Appellant also argued that the factual findings of the trial court were improper, specifically that the evidence at trial showed that Appellant did not really intend to enter into a binding mortgage agreement for parcel 03-38-65. **Id.** at *4.

This Court determined that competent evidence supported the findings of the trial court that a valid mortgage had been created on parcel 03-38-65. **Id.** at *4. The trial court's ruling in favor of Appellee pertained only to parcel 03-38-65. **Id.** at *3. Further, this Court held that Appellant's argument that parcel 03-38-67-01 was improperly permitted to be foreclosed upon lacked merit because parcel 03-38-67-01 had been dismissed from the action. **Id.** Appellant sought allowance of appeal in our Supreme Court, which was denied on October 31, 2016. **See Cadles of Grassy Meadows, II, LLC v. Shavei-Tzion**, 160 A.3d 769 (Pa. 2016) (table).

Eventually, a sheriff's sale of parcel 03-38-65 was scheduled for February 23, 2017. Parcel 03-38-65 was advertised in advance of the sale with the above-referenced description, which was also the description used in the parcel's deed. Appellant filed a petition to stay the sale on February 21, 2017, alleging that the advertised notices for the three consecutive weeks before the scheduled sale were defective because they could be read as describing a parcel with 190 acres rather than 95 acres.

A hearing was held on the petition to stay on March 24, 2017.[2] Appellant called as on cross land surveyor Eric Kyttle, who testified he was retained by Appellee to analyze the deed for parcel 03-38-65 and create a survey report. *See* N.T., 3/24/17, at 9-10. Kyttle testified that the description of the parcel indicated it contained exceptions to the 190 acres noted at the beginning of the description. *Id.* at 11-13. Kyttle confirmed the description indicated a 95-acre parcel and that the description in the notices matched the description in the deed. *Id.* at 16, 18. On March 31, 2017, the trial court denied the stay.[3]

The sheriff's sale of the property occurred on June 8, 2017. Following the sale, Appellant filed a petition to set aside or vacate the sale on June 19, 2017. The petition to set aside the sale contained the same grounds as the petition to stay the sale. The trial court conducted a hearing on the petition to set aside the sale on October 4, 2017. Counsel for both parties agreed that the trial court should take judicial notice of the proceedings that had taken place on March 24, 2017. N.T., 10/4/17, at 9.

At the hearing on the petition to set aside the sale, Appellant presented one witness, Veronica Hannevig. Hannevig testified that she attended the sheriff's sale of parcel 03-38-65 because she was interested in the parcel. *Id.*

---

[2] Numerous *pro se* filings were made leading up to the March 24, 2017 hearing. The trial court denied all of them on March 24, 2017.

[3] Appellant appealed the denial of the stay to this Court. The appeal was quashed on June 12, 2017, since the order was interlocutory.

at 11. In response to a question about whether she read the advertisement, Hannevig responded as follows: "I looked at it. I cannot say that I read it in depth because I do not understand all of the metes and the bounds and all of that sort of information. I had the Sheriff read it to me." ***Id.*** at 13. Ultimately, she found the description confusing. ***Id.*** at 15. On cross-examination, Hannevig conceded she was not going to bid for the property. ***Id.*** at 19. The trial court denied the petition the same day as the hearing.

Appellant filed a timely notice of appeal on November 1, 2017. Appellant and the trial court complied with Pa.R.A.P. 1925. In its concise statement of errors complained of on appeal, Appellant raised the following issues:

1. Under the facts of this case and based upon the evidence presented, the [c]ourt erred in finding in favor of [Appellee] and against [Appellant], and denying the Petition to Set Aside and/or Vacate the Mortgage Foreclosure Sheriff's Sale held on June 8, 2017 of the real property owned by [Appellant], Bet Shavei-Tzion.

2. Under the facts of this case and based upon the evidence presented, the [c]ourt erred in failing to set aside and/or vacating the Mortgage Foreclosure Sheriff's Sale held on June 8, 2017 of the real property owned by [Appellant], Bet Shavei-Tzion.

3. [The trial court] erred as a matter of law in failing to find that the Sheriff[']s Sale of June 8, 2017 was improper and illegal and should be set aside and/or vacated as to [Appellant's] real property only.

4. [The trial court] erred as a matter of both fact and of law in failing to find that the Sheriff's Sale of [Appellant's] real property was not properly advertised with the correct legal description for three (3) consecutive Fridays prior to the sale.

5. [The trial court] erred as a matter of both fact and of law in failing to find that the Sheriff's Sale of [Appellant's] real property was not properly advertised with the correct legal description for three (3) consecutive Fridays prior to the sale.

6. [The trial court] erred as a matter of both fact and of law in failing to find that [Appellant's] real property was advertised for Sheriff[']s Sale, but the legal description incorrectly and improperly states that 190.64 acres of [Appellant's] land would be sold at the Sheriff[']s Sale.

7. [The trial court] erred as a matter of law in failing to find that former President Judge Vanston's Court Order dated August 26, 2009, controlled the instant matter, wherein the Court ruled and decided that:

"...the [c]ourt concluding that [Appellant's] 275 acre parcel of land is not sufficiently described in the mortgage so as to create a lien on said parcel; and the [c]ourt further concluding that there exist genuine issues of material fact as to whether the mortgage creates a lien upon the [Appellant's] 95 acre parcel of land IT IS ORDERED that the said Motion for Summary Judgment is granted in part and denied in part; [Appellee's] complaint in mortgage foreclosure as to the said 275 acre parcel of land is dismissed."

8. [The trial court] erred as a matter of law in failing to find that Pennsylvania Rule of Civil Procedure 3129.2 Subdivisions (b) & (d) were mandatory in requiring the correct description of the property to be sold must be given by publication by the sheriff once a week for three successive weeks in one newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one days before the date of sale. Failure of [Appellee] to properly advertise the June 8, 2017 Sheriff[']s Sale, under the facts of this case, is a fatal defect to conducting the said Sheriff[']s Sale.

9. [The trial court] erred as a matter of law in failing to find that Pennsylvania law required the [c]ourt, when considering Petitions to set aside and/or vacate, to use legal or equitable means to provide relief to the Petitioner.

10. [The trial court] erred as a matter of law in failing to find that the June 8, 2017 Sheriff[']s Sale should have been set aside or vacated pursuant to equitable principles, as the failure to properly advertise the June 8, 2017 Sheriff[']s Sale publically led to a much reduced sales price, as the general public was unaware of the true nature of the sale, and, that the amount of money received in the Sheriff[']s Sale was less than should rightfully be

recovered, therefore increasing any balance amount due to [Appellee] from [Appellant].

11.     The [c]ourt erred as a matter of law in failing to observe the settled law in the Commonwealth of Pennsylvania that the mortgage foreclosure Sheriff[']s Sale was not properly advertised with the correct legal description for three (3) consecutive Fridays prior to the sale.

12.     The [c]ourt's decision was against the weight of the evidence.

13.     The [c]ourt's decision was contrary to law.

Concise Statement, 11/17/17, at 1-4.

On appeal, Appellant asserts the following questions for our review:

1. Whether the trial court committed plain error in its [c]ourt [o]rder by mistakenly permitting the Appellee to foreclose upon a 275 acre parcel of land, despite the fact that the immediate past-President Judge of Wyoming County had previously granted summary judgment, dismissing the 275 acre parcel from the mortgage foreclosure action?

2. Whether the findings of the trial court are premised on errors in the application of the law?

3. Whether the [t]rial [c]ourt abused its discretion and committed an error of law in denying Appellant's Petition to Set Aside the Sheriff's Sale?

Appellant's Brief at 4.

In its first issue, Appellant argues that the trial court mistakenly permitted Appellee to foreclose on parcel 03-38-67-01. *Id.* at 14.  Appellant also asserts that the legal description of the sold parcel improperly described the property as containing 190.64 acres.  *Id.*  Appellant cites to Pa.R.C.P. 3129.2, arguing that since an incorrect description of the property was used in the notice of the sheriff's sale for the three weeks before the sale, the notice

was defective. *Id.* Appellant asserts that strict compliance is required with notice requirements for a property to be sold at a sheriff's sale. *Id.* at 15 (citing **Mullane v. Cent. Hanover Bank & Tr. Co.**, 339 U.S. 306 (1950), **First Pennsylvania Bank, N.A. v. Lancaster Cty. Tax Claim Bureau**, 470 A.2d 938 (Pa. 1983), and **Grace Bldg. Co. v. Chester Cty. Land Corp.**, 339 A.2d 161 (Pa. Cmwlth. 1975)).

We note that

> [t]he purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor. Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law.

**Nationstar Mortg., LLC v. Lark**, 73 A.3d 1265, 1267 (Pa. Super. 2013) (some internal quotation marks and some citations omitted).

Before we reach the merits of Appellant's first issue, we note that under Pa.R.A.P. 302(a), "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Here, the assertion that parcel 03-38-67-01 was actually sold at sheriff's sale, rather than parcel 03-38-65, was not raised until Appellant's appellate brief. **See** Concise

Statement, 11/17/17, at 1-4. Accordingly, this issue was not raised in the trial court and was not preserved for appeal. *See* Pa.R.A.P. 302(a).

Regardless, under the law of the case doctrine, "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Morgan v. Petroleum Prods. Equip. Co.*, 92 A.3d 823, 827 (Pa. Super. 2014) (citation omitted).

> The law of the case doctrine expresses the practice of courts generally to refuse to reopen what has been decided. The doctrine is composed of a collection of rules that not only promote the goal of judicial economy but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Bienert v. Bienert*, 168 A.3d 248, 254 (Pa. Super. 2017) (internal quotation marks, brackets, ellipses, and citations omitted).

In *Cadles I*, this Court held that the trial court properly authorized foreclosure on parcel 03-38-65, and not parcel 03-38-67-01, because the latter 275 acre parcel had been dismissed from the suit. *Cadles I*, 2016 WL 3166669 at *3. Appellant has now re-raised the exact same argument, which was previously resolved in *Cadles I*. Because Appellant has not presented any relevant argument as to why we should revisit the issue, we decline to reopen it. *See Bienert*, 168 A.3d at 254; *Morgan*, 92 A.3d at 827.

Moreover, judicial admissions, "*i.e.,* those contained in pleadings, stipulations, and the like . . . cannot later be contradicted by the party who

- 10 -

has made them." ***Tops Apparel Mfg. Co. v. Rothman***, 244 A.2d 436, 438 (Pa. 1968) (footnotes omitted). Here, Appellant had previously moved for summary judgment because, among other reasons, parcel 03-38-65, comprising 95 acres, allegedly was not included in the mortgage agreement. Mot. for Summ. J. at 2. Appellant cannot now contend that the trial court mistakenly permitted Appellee to foreclose on the 275-acre parcel. ***See Rothman***, 244 A.2d at 438; ***see also Cadles I***, 2016 WL 3166669 at *3.

In any event, to the extent that Appellant asserts that the parcel sold at the sheriff's sale was improperly described in the notice as containing 190.64 acres, Appellant is not entitled to relief for the following reasons.

Regarding the burden of proof in setting aside a sheriff's sale,

[a]s a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence.

***Bank of Am., N.A. v. Estate of Hood***, 47 A.3d 1208, 1211 (Pa. Super. 2012) (citation omitted). A sheriff's sale can be set aside for a material misdescription of the property being sold. ***Calhoun v. Commercial Credit Corp.***, 30 A.2d 735 (Pa. Super. 1943). Additionally, a sheriff's sale can be set aside where the price obtained is grossly inadequate. ***Estate of Hood***, 47 A.3d at 1211.

Pennsylvania Rule of Civil Procedure 3129.2 specifies that

(a) Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by

subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, and by publication as provided by subdivision (d).

(b) The handbills shall be posted by the sheriff in the sheriff's office and upon the property at least thirty days before the sale, and shall include

(1) a brief description of the property to be sold, its location, any improvements, the judgment of the court on which the sale is being held, the name of the owner or reputed owner, and the time and place of sale, and

(2) a notice directed to all parties in interest and claimants that a schedule of distribution will be filed by the sheriff on a date specified by the sheriff not later than thirty days after the sale and that distribution will be made in accordance with the schedule unless exceptions are filed thereto within ten days after the filing of the schedule.

* * *

(d) Notice containing the information required by subdivision (b) shall also be given by publication by the sheriff once a week for three successive weeks in one newspaper of general circulation in the county and in the legal publication, if any, designated by rule of court for publication of notices, the first publication to be made not less than twenty-one days before the date of sale. No additional publication shall be required.

Pa.R.C.P. 3129.2.

In ***Greater Pittsburgh Bus. Dev. Corp. v. Braunstein***, 568 A.2d 1261 (Pa. Super. 1989), a sheriff's sale of personal property took place. ***Braunstein***, 568 A.2d at 1263. The appellant attempted to have the sheriff's sale set aside, in part on the basis that the items sold were vaguely described in the notices of the sale. ***Id.*** at 1264. We reiterated that "[m]isdescription of the property to be sold at a sheriff's sale may be grounds for setting aside the sale if the property is 'misdescribed' in some **material** respect." ***Id.*** (citing ***Calhoun***, 30 A.2d at 736) (emphasis in original). The burden is on the

- 12 -

moving party to "establish by **clear** evidence" that the purported misdescription was material. ***See id.*** (emphasis in original).

Here, the trial court, relying on Rule 3129.2 and the testimony at the hearings, found that the description for the 95-acre property was not misleading and Appellant was not entitled to have the sale set aside. Trial Ct. Op., 12/21/17, at 6. The court noted Appellant's argument that the "advertisement of the property at issue was misleading to someone who is not a surveyor." ***Id.*** at 4. The court, however, disagreed, finding that upon review of the plain language of Rule 3129.2, "the record of both hearings and the description at issue, this [c]ourt found that the property was correctly described in the legal advertisement." ***Id.*** at 6.

We agree with the trial court's assessment that Appellant failed to establish by **clear** evidence that the use of the deed description for the property in the notices of the sheriff's sale was materially incorrect or misleading. ***See Estate of Hood***, 47 A.3d at 1211; ***Braunstein***, 568 A.2d at 1264. Appellant called as on cross Appellee's own expert, who testified without contradiction that the description of the property in the notices indicated a property of 95 acres. ***See*** N.T., 3/24/17, at 16, 18; ***Estate of Hood***, 47 A.3d at 1213.

In Appellant's remaining two issues, it asserts that the trial court committed an error of law in denying the petition to set aside the sheriff's sale. Appellant cites Pa.R.C.P. 3132 for the proposition that proper cause must be shown to set aside a sheriff's sale, and this is based on equitable

principles. Appellant's Brief at 17-18. According to Appellant, under Pa.R.C.P. 3132 and 3135(a), a petitioner must challenge a sheriff's sale within the period after the sale but before the deed is delivered, except in cases of fraud or lack of authority. *Id.* at 19. Appellant asserts that it filed its petition to set aside the sheriff's sale within ten legal days of the sale, so there is no need to prove fraud or lack of authority. *Id.* at 19-20. Appellant argues that the sale should be set aside based on equitable principles because "the failure to properly advertise the June 8, 2017 Sheriff's Sale public[ly] led to a much reduced sales price, as the general public was unaware of the true nature of the sale." *Id.* at 21.

> Pennsylvania Rule of Civil Procedure 3132 provides that
>
> [u]pon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132. Pennsylvania Rule of Civil Procedure 3135 states that

> [w]hen real property is sold in execution and no petition to set aside the sale has been filed, the sheriff, at the expiration of twenty days but no later than 40 days after either the filing of the schedule of distribution or the execution sale if no schedule of distribution need be filed, shall execute and acknowledge before the prothonotary a deed to the property sold. The sheriff shall forthwith deliver the deed to the appropriate officers for recording and for registry if required. Confirmation of the sale by the court shall not be required.

Pa.R.C.P. 3135. We note that is well-settled that "[e]quity must follow the law." ***Murray v. Willistown Twp.***, 169 A.3d 84, 93 (Pa. Super. 2017);

*accord Bauer v. P.A. Cutri Co. of Bradford*, 253 A.2d 252, 255 (Pa. 1969) (stating, "a court of equity follows and is bound by rules of law, and does not use equitable considerations to deprive a party of his rights at law").

Initially, we agree with Appellant that its petition was timely filed. **See** Pa.R.C.P. 3132. However, we cannot agree with Appellant's assertion that equitable principles dictate that the sale should be set aside because the description led to a much-reduced sale price. We held above that Appellant failed to "establish by **clear** evidence," any misdescription, let alone that the misdescription was material. **See Braunstein**, 568 A.2d at 1264. It follows that Appellant's argument—that a flawed description of the parcel "led to a much-reduced sales price"—is premised on establishing a material misdescription. **See id.** Having failed to establish a misdescription, Appellant cannot succeed on its equitable argument because equity must give way to the law. **See Murray**, 169 A.3d at 93.

Even assuming otherwise, we agree with the trial court's observation that "[n]o testimony was presented from a potential bidder alleging being dissuaded from making a bid on the property in question due to any defects." Trial Ct. Op., 12/21/17, at 4. Indeed, Appellant presented no proof regarding fair market value in comparison to the price parcel 03-38-65 was sold for at sheriff's sale. **See Estate of Hood**, 47 A.3d at 1211. Absent any such proof, Appellant's equitable argument, on its merits, fails. Because Appellant failed to establish an abuse of discretion, we affirm. **See Lark**, 73 A.3d at 1267.

Order affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2018