J-A10023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MARZAILE SCICCHITANO | : : | No. 3056 EDA 2017 |
| Appellant | : | |

Appeal from the Order Entered August 25, 2017
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2014-11559

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 22, 2018**

In this mortgage foreclosure action, Marzaile Scicchitano has appealed from an order that denied his Petition to Set Aside Sheriff's Sale. He sought to undo the sheriff's sale because of alleged misrepresentations in communications from Appellee, Wells Fargo Bank, N.A. Successor by Merger to Wachovia Bank, N.A. ("Bank"), allegedly causing him to believe that the sale would not proceed. He also contended that the sale price at the sheriff's sale was too low. The Court of Common Pleas, the Honorable Chad F. Kenney, denied the petition. Judge Kenney concluded that Scicchitano reasonably should have known that the sheriff's sale would proceed. He also rejected Scicchitano's price challenge. We affirm based on Judge Kenney's opinion.

We adopt Judge Kenney's recitation of the factual and procedural history. *See* Trial Court Opinion, filed 10/24/17, at 1-3.

_____
*   Retired Senior Judge assigned to the Superior Court.

Scicchitano raises four issues on appeal:

1. Did the Court abuse its discretion or otherwise err in denying [Scicchitano's] Petition to Set Aside Sheriff's Sale where, after a hearing, it was undisputed that (a) [Bank] last direct communication (in contrast to ongoing communications from [Bank's] third party attorney which [Bank] instructed [Scicchitano] would occur) misrepresented that [Bank] (i) "received the documentation you sent us supporting your request for mortgage assistance...;" (ii) "as part of the foreclosure process, you may receive notices from a third party attorney delivered by mail or see steps being taken to proceed with foreclosure...;" and (iii) "if your loan has been referred to foreclosure and you have submitted all required documentation, we will not conduct a foreclosure sale while your documents are being reviewed" ((i), (ii) and (iii) being hereinafter referred to as the "Final Communication Misrepresentations"); and (b) despite those Final Communication Misrepresentations, Appellant [sic], without any further direct communication, proceeded with a sheriff's sale and sold [Scicchitano's] property at 61.8% of it's [sic] appraised Fair Market Value of $100,000, approximately 49% of [Bank's] internal value and 30% of the total debt alleged to be due from [Scicchitano] to [Bank]?

2. Did the Court abuse its discretion or otherwise err in not finding that the combination of (a) the grossly inadequate or inadequate price; and (b) the irregularities in the notice process, consisting of (i) the Final Communication Misrepresentation, and (ii) two prior continuances of the ultimate sale unilaterally effectuated by [Bank] (which created a false sense of security in [Scicchitano] that the ultimate sale would also be continued based on the Final Communication Misrepresentation); created an irregularity in the notice procedure and denied [Scicchitano] of due process rights, and was sufficient cause to set aside the sale?

3. Did the Court abuse its discretion or otherwise err in not granting [Scicchitano's] Petition to Set Aside Sheriff's Sale by in effect inequitably and unfairly shifting the burden to [Scicchitano] to (a) have understood the Final Communication Misrepresentation was a misrepresentation,

and (b) correct [Bank's] Final Communication Misrepresentation?

4. Did the Court err by allowing undue bias against other alleged misbehaviors of [Scicchitano] that are not relevant to the due process question to unduly influence the determination of whether the substantially below value sale and the irregularities and defect in notice created by the Final Communication Misrepresentation and prior unilateral continuances establish sufficient cause to set aside the sale and violate [Scicchitano's] due process rights?

Appellant's Br. at 4-6.

Scicchitano waived his second and fourth issues by not raising them below. *See* Pa.R.A.P. 302. They are meritless in any event. As to the second issue, Judge Kenney did not err in not considering the combined effect of Scicchitano's sale price and misrepresentation arguments. The issues are not logically related – that is, any misunderstanding on Scicchitano's part about whether the sale would proceed had nothing to do with the price obtained at the sale, and vice-versa – and to the extent either argument would carry any weight, it would not reinforce the other. Regarding the fourth issue, as we explain below, Judge Kenney only mentioned Scicchitano's failure to make payments as one of the reasons that Scicchitano reasonably should have known that the foreclosure sale would occur.

We affirm Scicchitano's remaining issues based on Judge Kenney's opinion. A petition to set aside a sheriff's sale is a request for equitable relief addressed to the sound discretion of the Court of Common Pleas. *Blue Ball Nat'l Bank v. Balmer*, 810 A.2d 164, 167 (Pa.Super. 2002); *Greater Pittsburgh Bus. Dev. Corp. v. Braunstein*, 568 A.2d 1261, 1263 (Pa.Super.

1989). The petitioner bears the burden of proving circumstances warranting the Court of Common Pleas to exercise its equitable powers and set aside the sale. *Id.* We will reverse the Court of Common Pleas' decision not to set aside a sheriff's sale only for a clear abuse of discretion. *Kaib v. Smith*, 684 A.2d 630, 631-32 (Pa.Super. 1996).

Scicchitano argues that the Bank's alleged misrepresentations led him to believe that the sheriff's sale would not take place. Scicchitano had applied to the Bank to participate in a loan assistance program. The Bank first advised him by letter that "[b]ecause you have not provided us with all the required documentation to complete the application, we are not able to offer you assistance options." Letter from Bank to Appellant of 12/16/16, at 1, R.191a. The Bank sent a subsequent letter three days later, stating that "[i]f your loan has been referred to foreclosure and you have submitted all required documentation, we will not conduct a foreclosure sale on this loan while your documents are being reviewed. . . ." Letter from Bank to Appellant of 12/19/16, at 1, R.58a. This letter also advised Scicchitano that "[a]s part of the foreclosure process," he might "receive notices from a third-party attorney delivered by mail or see steps being taken to proceed with a foreclosure sale of your home." *Id.* Scicchitano argues that the second letter misled him and caused him to incorrectly believe that the sheriff's sale would not take place as scheduled.

Regarding the sale price, Scicchitano argues that the amount ($61,800) was grossly inadequate because it was 61.8% of the Bank's appraisal of the

property's value ($100,000), and 49% of the Bank's internal valuation ($125,000).

Scicchitano also contends that Judge Kenney improperly put the burden on Scicchitano to learn that the alleged "misrepresentation that his loan was still under review" was untrue. Appellant's Br. at 22. He further argues that he reasonably understood the statements that he might receive communications from attorneys about the foreclosure process, and that the sale would not happen while his loan assistance application was under review, "as an instruction *not* to be concerned by attorney communications." ***Id.*** (emphasis in original).

Judge Kenney's Pa.R.A.P. 1925(a) opinion explains that Scicchitano should have known that the sheriff's sale would take place. Judge Kenney points out that the second letter did not in fact suggest that a sheriff's sale would never occur. Rather, the letter simply let Scicchitano know that the sheriff's sale would not take place during the review period, which the previous letter told him had already ended. Judge Kenney concluded that because of the language of the letters, and the fact that Scicchitano did not make any payments between the time of the letters and the day of the sheriff's sale, Scicchitano reasonably should have known that the sale would go forward.

Regarding the sale price, Judge Kenney explained that the law presumes that the price obtained at a sheriff's sale is the highest and best obtainable price. Trial Court Opinion at 5 (citing ***Blue Ball Nat'l Bank***, 810 A.2d at 167). Judge Kenney observed that cases in which Pennsylvania courts have set aside

a sheriff's sale for an inadequate sale price were cases where the sale price was ten percent or less of the established market value. **Id.** at 6 (citing **Bank of America, N.A. v. Hood**, 47 A.3d 1208, 1212 (Pa.Super. 2002)). Judge Kenney concluded that because the only evidence Scicchitano produced on this issue was an appraiser's affidavit that the property was worth $100,000, and the property sold for 61.8% of that figure, Scicchitano failed to rebut the presumption.

Finally, Judge Kenney properly put the burden on Scicchitano to persuade the court that the alleged misrepresentations merited setting aside the sheriff's sale. **See Blue Ball Nat'l Bank**, 810 A.2d at 167. The court concluded that Scicchitano failed to carry his burden to do so, and Scicchitano has not established that Judge Kenney's decision was a clear abuse of discretion. **Id.** We affirm based on Judge Kenney's Opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/22/18

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CIVIL DIVISION

WELLS FARGO BANK, N.A.      :      No. 2014-11559
SUCCESSOR BY MERGER TO     :
WACHOVIA BANK, N.A.        :
                           :
     v.                      :
                           :
MARZAILE SCICCHITANO      :

## OPINION

Defendant Marzaile Scicchitano ("Scicchitano") appeals from this Court's Order dated August 25, 2017 which denied his Petition to Set Aside Sheriff's Sale.

The record in this matter establishes that on June 14, 2003 Scicchitano received a loan from Plaintiff Wells Fargo's ("Wells Fargo") predecessor, Wachovia Bank, N.A., in the principal amount of $88,609.50. This Note was secured by a first Mortgage on property located at 237 Chippewa Street, Lester, Pennsylvania 19029 (the "Property"). On June 22, 2007, Scicchitano received a second loan from Wachovia Bank, N.A. in the amount of $90,495.00. This Note was secured by a second Mortgage on the Property. The total amount of principal under the two Notes was $179,104.50.

After Scicchitano had stopped making payments under the terms of the Notes, Wells Fargo filed a Complaint for mortgage foreclosure against Scicchitano on December 22, 2014. On April 27, 2016, Wells Fargo filed a Motion for Summary Judgment and, after receiving no response from Scicchitano, the Court granted Wells Fargo's Motion for Summary Judgment and an in rem judgment was entered in favor of Wells Fargo and against Scicchitano in the amount of $104,985.07 plus interest thereon from April 12, 2016. On August 5, 2016, Wells Fargo filed

1

a Praecipe for Writ of Execution in the amount of $107,211.61. On August 31, 2016, Wells Fargo filed an Affidavit of Service, indicating that notice of a sheriff's sale dated November 18, 2016 was served upon Scicchitano's wife, Dawn Scicchitano.[1] On November 2, 2016, the sheriff's sale was continued to January 20, 2017. On January 20, 2017, the sheriff's sale was again continued to March 17, 2017. The Property was sold at the sheriff's sale on March 17, 2017 to Investment Properties, LLC for $61,800.00. On May 1, 2017, Scicchitano filed a Petition to Set Aside Sheriff's Sale, which is the subject of this Appeal. On May 22, 2017, Wells Fargo filed a Response in Opposition to Scicchitano's Petition to Set Aside Sheriff's Sale. On August 24, 2017, the Third-Party Purchaser of the Property, Investment Properties, LLC, filed a Response to Scicchitano's Petition to Set Aside Sheriff's Sale. By a stipulation between the parties, Investment Properties, LLC was permitted to intervene in this action. Following an evidentiary hearing on Scicchitano's Petition to Set Aside Sheriff's Sale, the Court entered an Order dated August 25, 2017 denying Scicchitano's Petition. Thereafter, on September 20, 2017, Scicchitano filed a Notice of Appeal to the Superior Court of Pennsylvania from this Court's Order denying his Petition to Set Aside Sheriff's Sale.

In his Petition and at the hearing on this matter, Scicchitano argued that communications sent by Wells Fargo were misleading and indicated that the sheriff's sale would not move forward. Specifically, on September 2, 2016, Wells Fargo sent Scicchitano a Home Affordable Modification Program ("HAMP") application. Scicchitano filled out the HAMP application, but did not send all of the requested documents. By letters dated October 4, 2016

---

[1] On the Affidavit of Service, Dawn Scicchitano is identified as Scicchitano's wife. Scicchitano refuted that there is a Dawn Scicchitano who resides at his residence.

2

and November 10, 2016, Wells Fargo requested the missing documents. Scicchitano responded to the November 10, 2016 letter, but did not provide the documents requested by Wells Fargo. After Wells Fargo had not received the requested documents, by letter and email dated December 16, 2016, Scicchitano was informed that the foreclosure process was going to move forward (the "December 16 Letter"). However, on December 19, 2016, Wells Fargo (inadvertently) sent Scicchitano a letter that stated, in pertinent part, "[w]e're writing to let you know we've received the documentation you sent us supporting your request for mortgage assistance" (the "December 19 Letter"). The letter further stated, "[w]e will review the documentation you've submitted. Please keep in mind, there may be additional documents required before we can determine if you're eligible for mortgage assistance." Finally, the letter stated, "[i]f your loan has been referred to foreclosure and you have submitted all required documentation, we will not conduct a foreclosure sale on this loan while your documents are being reviewed." This last portion of the letter is the language that Scicchitano primarily relied upon to assert that the communications from Wells Fargo were misleading and caused him to believe that the March 17, 2017 sheriff's sale was no longer moving forward.

Also at issue was whether the original notice of the sheriff's sale was improper, making all subsequent notices of the sheriff's sale improper as well. Finally, Scicchitano argued that the sale price obtained at the sheriff's sale was grossly inadequate.

A petition to set aside sheriff's sale is governed by Pennsylvania Rules of Civil Procedure 3132. *Merrill Lynch Mort. Capital v. Steele*, 859 A.2d 788 (Pa. Super. 2004). Pursuant to § 3132:

> Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown,

3

set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances

Pa. R.C.P. 3132. "Equitable considerations govern the trial court's decision to set aside a sheriff's sale" and "[t]he burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner." *Nationstar Mortg., LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013).

In the instant matter, Scicchitano did not demonstrate "proper cause" that would warrant the setting aside of the sheriff's sale. Even though Wells Fargo had sent Scicchitano the December 19 Letter, this letter is not enough to have the sheriff's sale set aside. The language in the letter does not suggest that a sheriff's sale was never going to happen. Instead, the letter informs Scicchitano that his HAMP application and documents were being reviewed and that a foreclosure sale would not be conducted during the review period. The letter actually states that "[a]s part of the foreclosure process, you may receive notices from a third-party attorney delivered by mail or see steps being taken to proceed with a foreclosure sale of your home." In conformity with the language of the letter, Wells Fargo had sent a notice of continuance of the sheriff's sale which indicated to Scicchitano that the sheriff's sale was continued until March 17, 2017.

Moreover, what was more telling was Scicchitano's failure to pay off any of the loans' principal or interest during the three (3) months in which he alleged that he was waiting to find out about his HAMP application. During this period, there were also no communications between Scicchitano and Wells Fargo regarding his HAMP application. Therefore, when taking into account the language of the December 19 Letter, the December 16 Letter, the notice of

4

continuance of the sheriff's sale dated January 20, 2017,[2] the roughly three (3) month period between the December 19 Letter and the March 17, 2017 sale, and the fact that Scicchitano was not paying any money to Wells Fargo to reduce his debt, Scicchitano should have been aware that the sheriff's sale was going to take place on March 17, 2017. Similarly, as the Superior Court held in *Bank of America, N.A. v. Hood*, nothing in Scicchitano's testimony can explain his alleged failure to have notice of the sheriff's sale to allow this Court to use its equitable powers to set aside the sheriff's sale.[3] 47 A.3d 1208, 1213 (Pa. Super. 2002) (concluding that nothing in debtor's testimony explained his failure to learn of a duly advertised sale which would allow the sale to be set aside).

In regard to Scicchitano's argument that the sale price obtained for the Property was grossly inadequate, there is nothing in the record that would permit the Court to set aside the sheriff's sale based on the sale price. In determining whether the price obtained at a sheriff's sale is adequate, the court will look at each case on its own facts. *Blue Ball Nat. Bank v. Balmer*, 810 A.2d 164, 167 (Pa. Super. 2002). "Further, it is presumed that the price received at a duly advertised public sale is the highest and best obtainable." *Id.* The outstanding mortgage balance must also be considered when the court is determining whether the sale price was grossly inadequate. *Hood*, 47 A.3d at 1211. Moreover, the burden of proof is on the petitioner and a petition to set aside a sheriff's sale may be denied because of the "insufficiency of proof

---

[2] The original notice of the sheriff's sale was proper. Pursuant to Pennsylvania Rules of Civil Procedure 402(a)(2)(i), original process may be served by handing a copy "at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence." According to the Affidavit of Service, Dawn Scicchitano is the wife of Scicchitano and resides with him. Absent a more compelling argument from Scicchitano, service appears to be proper. Moreover, the notices of the continued sheriff's sale were sent to 1) the Property; 2) Scicchitano's personal residence; 3) a PO Box that Scicchitano had provided to Wells Fargo; and 4) to Scicchitano's former counsel. These notices are more than sufficient.

[3] The Court also had doubts about the credibility of Scicchitano's testimony.

to support the material allegations of the application, which are generally required to be established by clear evidence." *Bornman v. Gordon*, 527 A.2d 109, 111 (Pa. Super. 1987). "Pennsylvania courts have concluded that a sheriff's sale price is grossly inadequate where sale price was a small percentage – roughly ten percent or less – of the established market value." *Hood*, 47 A.3d at 1212. In *Hood*, the Superior Court determined that a sale price of roughly 44 percent of the assumed value of the property at issue was adequate and did not warrant the setting aside of the sheriff's sale. *Id.* at 1212-13.

Here, the Property sold for $61,800.00 and Scicchitano argued that the price was grossly inadequate. Scicchitano also alleged that the sale price of $61,800.00 only represents roughly 30 percent of the total amount currently due under the Writ of Execution and balance due under the second Note. However, Scicchitano did not offer any evidence or submit any argument that suggests that the $61,800.00 received for the Property was not the best price the Property could have obtained under the market conditions at that time. The only evidence offered by Scicchitano in regard to his assertion that the sale price was inadequate was an affidavit from an appraiser, Kenneth F. Adelsberg, stating that the value of the Property, as of April 21, 2017, was $100,000.00. Under the assumption that the price obtained at a sheriff's sale is the best price, this Court will not upset a sheriff's sale when the only evidence that is presented suggests that the price obtained was 61 percent of one appraiser's value of the Property.

Furthermore, Scicchitano's argument that the sale should be set aside because the $61,800.00 sale price represented roughly 30 percent of the amount due under the Writ of

6

Execution and balance due under the second Note is also unfounded. When taking into account the amount due under the Writ of Execution and the amount due under the second Note, the price obtained is still deemed to be adequate. *See Miners Nat. Bank of Wilkes-Barre v. Bowman*, 6 A.2d 286, 288 (Pa. 1939) (holding that a sale price of $2,250.19 at a sheriff's sale for property that was valued at $10,000.00 was adequate even though the amount owed by the debtor totaled $10,219.99). Additionally, even if the Property had sold for $100,000.00, the full amount owed by Scicchitano was never going to be fully repaid by the sale of the Property. This is not a case where the value of the Property was greater than the amount due. Here, the value of the Property is clearly significantly less than the total amount owed by Scicchitano. Therefore, the $61,800.00 obtained at the sheriff's sale for the Property is adequate and the sheriff's sale will not be set aside due to the purchase price.

It is for the foregoing reasons that the Court denied Scicchitano's Petition to Set Aside Sheriff's Sale and it is submitted that the decision in this regard is fully supported by the record and applicable legal authority.

BY THE COURT:

DATED: 10-23-2017

CHAD F. KENNEY, JUDGE

FILED
10-24-2017 09:23 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA