J-A30025-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GOOD HOME, LLC, BRYAN VARALLO | : | |
| AND CHURUNGCHAI | : | |
| LEODHUWAPHAN , | : | No. 832 WDA 2018 |
| | : | |
| Appellants. | : | |

Appeal from the Order Entered, May 21, 2018,
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s):  No. GD-11-011739.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                  FILED MARCH 27, 2019

Good Home, LLC, Bryan Varallo and Churungchai Leodhuwaphan appeal from the order denying their petition to set aside a sheriff's sale of real property in Allegheny County.  After thorough consideration, we reverse.

The facts and procedural history pertinent to this appeal follow.

On June 27, 2011, Bayview Loan Services, LLC initiated an action to confess judgment against Good Home, LLC and its agents and guarantors, Bryan Varallo and Churungchai Leodhuwaphan ("Good Home").  The action was based on Good Home's default in September 1, 2010 of its obligations under the terms of a commercial note and mortgage held by Bayview.  The security for the mortgage was the commercial property located at 2648-2750

_____
*   Retired Senior Judge assigned to the Superior Court.

Robinson Boulevard, Penn Hills, Pennsylvania, an apartment building made up of 64 rental units.

On June 30, 2011, Bayview filed a praecipe for writ of execution. Good Home filed a petition to open or strike the confessed judgment. Subsequently, Good Home filed bankruptcy, which postponed proceedings in this matter.[1]

After the bankruptcy was dismissed, Bayview reissued the writ of execution on July 25, 2016. The Allegheny County Sheriff scheduled the sale of the subject property for October 3, 2016; Bayview filed the requisite affidavit of service in accordance with Pa.R.C.P. 3129.1. Thereafter, the sheriff's sale of the subject property was postponed several times.

At the request of Bayview, the sale was postponed to December 5, 2016, so that Bayview could complete notice of the sale to all lien holders. Subsequently, at Good Home's request, the trial court continued the sale from the December date to March 6, 2017.

On February 13, 2017,[2] the parties entered into a consent order, approved by the trial court, denying Good Home's petition to strike or open and upholding Bayview's confession of judgment. The parties further agreed to postpone the sheriff's sale to June 5, 2017. Thereafter, Good Home again requested that the sheriff's sale be postponed; the trial court rescheduled the

_____

[1] At that point, the trial court had not yet ruled on Good Home's petition to open/strike.

[2] This order was erroneously dated February 13, 2016. However, it was signed by the parties on February 10, 2017, and docketed on February 13, 2017.

sale for August 7, 2017. However, due to an unpaid invoice, the sheriff postponed the sale of the subject property on that date.

As a result, Bayview presented a motion to reschedule the sale, pursuant to a special order, without any new notice in accordance with Pa.R.C.P. 3129.3. On August 30, 2017, the trial court granted Bayview's request, and rescheduled the sheriff's sale for September 5, 2017. The order further provided that the sale was to be held without new notice or advertisement. Finally, on September 5, 2017, the sale of the subject property occurred; Bayview was the successful bidder.

On or about January 9, 2018, Good Home filed an emergency petition asking the trial court to set aside the sale. As of that date, the sheriff's deed had not yet been delivered to Bayview. The trial court issued a rule to show cause why the sale should not be set aside.[3]

After argument, the trial court denied Good Home's petition to set aside the sheriff's sale of the subject property. Good Home timely filed a notice of appeal.[4] Both the trial court and Good Home complied with Pa.R.A.P. 1925.

_____

[3] Shortly thereafter, on January 18, 2018, Good Home transferred the subject property by quitclaim deed to PA Real Estate Development Inc. Additionally, Jiya Construction was given a mortgage against the subject property.

[4] Upon the filing of this appeal, Bayview filed a motion quash. We denied its motion without prejudice to Bayview to reassert its arguments for quashal in its brief. In its brief, Bayview again argues that the appeal should be quashed for several reasons: the appeal is moot, untimely, not from a final order and does not comply with Pa.R.A.P. 1931(d). We conclude that none of these arguments has merit. We therefore will proceed with our review of the substantive issues raised by Good Home.

On appeal, Good Home raises the following single issue:

I.    Did the trial court abuse its discretion in denying the appellant's petition to set aside sheriff sale?

See Good Home's Brief at 4.

"A petition to set aside a sheriff's sale is grounded in equitable principles[.]" GMAC Mortg. Corp. of Pa. v. Buchanan, 929 A.2d 1164, 1167 (Pa. Super. 2007). The burden of establishing grounds for relief rests with the petitioner. Id. A court may only grant a petition "when [it] is filed before the sheriff's delivery of the deed." Mortgage Elec. Registration Sys., Inc. v. Ralich, 982 A.2d 77, 79 (Pa. Super. 2009) (citations omitted), appeal denied, 992 A.2d 889 (Pa. 2010); Pa.R.C.P. 3132.

The decision to set aside a sheriff's sale is within the sound discretion of the trial court, and we shall not reverse its decision on appeal absent a clear abuse of discretion. Merrill Lynch Mortg. Capital v. Steele, 859 A2d 788, 791 (Pa. Super. 2004). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or [the judgment is] the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." National Penn Bank v. Shaffer, 672 A.2d 326, 328 (Pa. Super. 1996) (citation omitted).

Good Home argues that the trial court improperly granted Bayview's request for a special order pursuant to Rule 3129.3 to postpone the sheriff's sale from August 7, 2017 to September 5, 2017, without requiring new notice.

According to Good Home, its counsel did not receive notice of the presentation of Bayview's motion to reschedule by special order, as required by Rule 440(a)(1). Furthermore, the sale was postponed more than two times and extended beyond a period of more than 130 days without requiring new notice and publication in violation of Rule 3129.3(b). Consequently, when the trial court denied its petition to set aside the sheriff's sale, Good Home argues that the court abused its discretion. Good Home's Brief at 7, 11-13. Upon review, we are constrained to agree.

Rules 3129.1 and 3129.2 of the Pennsylvania Rules of Civil Procedure govern notice with respect to sheriff's sales of real property. Generally, notice of the sale must be mailed to lienholders and other parties with an interest in the property. Additionally, the property must be posted with the notice, and notice must be advertised not less than 30 days prior to the sale.

A sale may be stayed, continued, postponed or adjourned in accordance with the provisions of Rule 3129.3. That statute provides, in relevant part, as follows:

> (a) Except as provided by subdivision (b) or special order of court, new notice shall be given as provided by Rule 3129.2 if a sale of real property is stayed, continued, postponed or adjourned.
>
> (b)(1) If the sale is stayed, continued, postponed or adjourned to a date certain within one hundred thirty days of the scheduled sale, notice of which sale was given as provided by Rule 3129.2, and public announcement thereof, including the new date, is made to the bidders assembled at the time and place fixed for the sale, no new notice as provided by Rule 3129.2 shall be required, but there may be only two such stays,

continuances, postponements or adjournments within the one hundred thirty day period without new notice.

(2)(i) When the sale is stayed, continued, postponed or adjourned as provided by subdivision (b)(1), the plaintiff shall file

(A) a notice of the date of continued sheriff's sale with the prothonotary at least fifteen days before the continued sale date, and

(B) a certificate of filing with the sheriff confirming the filing of the notice of the date of continued sheriff's sale with the prothonotary.

The sheriff shall continue the sale to the next available sale date if the notice of the date of continued sheriff's sale has not been timely filed. This continuance imposes a new obligation on the plaintiff to meet the requirements described in (b)(2)(i)(A) and (B).

(ii) Non-compliance with this subdivision is not a basis for setting aside the sheriff's sale unless raised prior to the delivery of the sheriff's deed. The sale shall be set aside only upon a showing of prejudice.

Pa.R.C.P. No. 3129.3 (emphasis added).

Essentially, Rule 3129.3 provides that, if a pending sale of real property is "stayed, continued, postponed or adjourned" for any reason, then typically "new notice" is required unless one of two exceptions to this general requirement is met: 1) a special order issued by the court, or 2) compliance with Rule 3129.3(b). In this case, Bayview obtained a special order of court. Therefore, we will consider whether this exception was met first.

Under the first exception, no new notice is required when the court issues a "special order" dispensing with the requirement of additional notice. Pa.R.C.P. 3129.3(a). This exception "gives the court discretion to allow

postponement of the sale without new notice in appropriate cases." Rule 3129.3, Explanatory Comment.[5]

Here, on August 30, 2017, the trial court issued a "special order" at Bayview's request. Good Home does not dispute that this was a "special order" of court. The "special order" rescheduled the sheriff's sale of the subject property from August 7, 2017 to September 5, 2017, specifically, without the need for new notice or advertisement. Thus, this exception would seem to apply, and if so, the dictates of the general notice provision, Rule 3129.2, would be excused. However, as we will discuss, because Bayview did not properly notify Good Home of its intent to obtain the "special order" in this case, we conclude that the order cannot excuse the publication notice requirements of the Rules of Civil Procedure.

Rule 440 of the Rules of Civil Procedure sets forth the appropriate means of serving papers. In pertinent part, it provides:

> (a) (1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action.
>
> (i) Service shall be made … by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree[.]

_____

[5] No particular requirements for issuing a "special order" are set forth in the rule. As explained in In re Porovne, 436 B.R.791, 801 (Bankr. W.D. Pa. 2010), a special order of court is one where "a special notice procedure outside the ambit of the general rule" is authorized. Id. at 801.

Pa.R.C.P. 440(a)(1)(i) (emphasis added).

As Good Home argues, despite the clear mandate of this Rule, Bayview failed to give notice of presentation of the motion to Good Home's counsel of record. Good Home Brief at 12-13. Instead, Bayview sent notice directly to Good Home and the Sheriff. This is evident from the certificate of service attached to the motion. Moreover, Good Home claims Bayview presented the motion as "uncontested," further compounding the problem created by the lack of notice to counsel. Had its counsel been given notice of presentation of the motion as required under Rule 440, Good Home maintains that its counsel would have appeared and opposed the entry of a "special order" because the last publication of the sale was given nearly a year prior, and the notice was stale. Good Home's Brief at 7, 11.

The trial court found that Good Home had actual notice of both the presentation of the motion and the sale itself. Trial Court's Memorandum, undated, at 1. Bayview gave notice of its intent to present the motion for special order directly to Good Home. Additionally, the new sale date of September 5, 2017 was announced to Good Home and the general public at the sheriff's sale on August 7, 2017. Based on Good Home's actual notice, the trial court denied its petition to set aside the sheriff's sale. Id. The court's reasoning, however, overlooks two important principles of due process, namely notice to counsel and publication to the general public.

Fundamentally, "[d]ue process requires that a party who will be adversely affected by a court order must receive notice and a right to be heard

in an appropriate setting." McKinney v. Carolus, 634 A.2d 1144, 1146 (Pa. Super. 1993). "Due process, reduced to its most elemental component, requires notice." PNC Bank, N.A. v. Unknown Heirs, 929 A.2d 219, 230 (Pa. Super. 2007) (quoting Romeo v. Looks, 535 A.2d 1101, 1105 (Pa. Super. 1987) (en banc), appeal denied, 542 A.2d 1370 (1988)). Here, Good Home did not have the opportunity to be heard regarding Bayview's request for a special order because Bayview never notified its counsel of record. See Pa.R.C.P. 440(a)(1)(i).

Additionally, in order to protect a debtor's interest, due process and the Rules of Civil Procedure require publication of the sale to potential bidders to ensure the sale garners the best possible price. See Greater Pittsburgh Bus. Dev. Corp. v. Braunstein, 568 A.2d 1261, 1265 (Pa. Super. 1989). Thus, publication of a sheriff's sale is particularly important. Given the lengthy delay since the original publication, Good Home maintains the trial court should have required new advertising of the sale.

Although the sale of the subject property was a protracted process, Good Home was nonetheless entitled to due process and an opportunity to be heard before the court issued the "special order". Therefore, we conclude that the "special order" issued in this case cannot excuse the lack of publication because Bayview obtained the order without proper notice.

Next, we consider whether the second exception set forth in Rule 3129.3(b) was met. New notice and publication are not required when a sale is postponed to a date certain within 130 days of the scheduled sale, provided

appropriate notice was given at the time the sale was originally scheduled. See Pa.R.C.P. 3129.3(b). However, only two such postponements are permitted under this Rule. Id.

Here, the sale held on September 5, 2017 did not occur within 130 days of the originally scheduled sale date, which was October 3, 2016. Instead, it occurred well beyond that time frame, almost eleven months later. Additionally, the sale was postponed more than twice, contrary to the Rule. Thus, the second exception, provided by Rule 3129.3(b), likewise did not apply in this case.

Bayview argues, however, that failure to comply with this section shall not serve as a basis to set aside a sheriff's sale unless there is a showing of prejudice. Bayview's Brief at 20. We disagree.

An aggrieved party must show prejudice only when there is noncompliance with the notice requirements of Rule 3129.3(b)(2)(i). That section required the new date to be filed with the prothonotary at least 15 days before the sale and a certificate to be filed with the sheriff. Specifically, Rule 3129.3(b)(2)(ii) provides: "Non-compliance with this subdivision is not a basis for setting aside the sheriff's sale unless raised prior to the delivery of the sheriff's deed. The sale shall be set aside only upon a showing of prejudice." Pa.R.C.P. 3129.3(b)(2)(ii)(emphasis added).

Prejudice is irrelevant if there is non-compliance with Rule 3129.3(b)(1). That section excuses new notice only when the rescheduled sale occurs within 130 days of the originally scheduled sale and has not been continued more

- 10 -

than two times. As discussed above, section (b)(1) of Rule 3129.3 was not satisfied here. Thus, contrary to Bayview's argument, Good Home did not need to show prejudice to set aside the sale.

In sum, because the original sheriff's sale was postponed for more than 130 days, new notice and publication were required under the Rules of Civil Procedure. Because neither of the exceptions to the Rule requiring publication of the sheriff' sale applied here, the trial court misapplied the law when it denied Good Home's petition to set the sale aside. Accordingly, we reverse the trial court's order.

Order Denying Motion to Set Aside Sheriff's Sale Reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2019