J-A15041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NEW YORK COMMUNITY BANK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAROL K. EL SCHWARBY A\K\A KAROL SCHWARBY & SOLILMAN SCHWARBY | : | No. 3562 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered October 19, 2018
In the Court of Common Pleas of Monroe County Civil Division at No(s):
6994 Civil 2015

BEFORE:   BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED JULY 17, 2019**

Appellant, Karol K. El Schwarby, a/k/a Karol Schwarby and Solilman Schwarby, appeals from the order denying her petition to set aside the sheriff's sale of her real property in Stroudsburg, Monroe County ("Property").  We affirm.

The facts and procedural history underlying this appeal are as follows. On September 30, 2015, Appellee, New York Community Bank, filed a mortgage foreclosure action against Property.  Summary judgment was granted in Appellee's favor, and, on August 30, 2018, Property was sold at a sheriff's sale for $135,789.68.  On September 10, 2018, Appellant filed a

_____

*   Retired Senior Judge assigned to the Superior Court.

petition to set aside the sheriff's sale pursuant to Pa.R.C.P. 3132[1] ("Petition") on the basis that the winning bid was grossly inadequate compared to the value of Property, which Appellant contended was greater than $600,000. Petition, 9/10/2018, at ¶¶ 7, 10.

On October 19, 2018, the trial court held a hearing on the Petition. Appellant testified that, in her "opinion," she "believe[d]" that Property was worth "at least" $600,000. N.T. at 18-19, 34. Appellant additionally testified that, in addition to Appellee's mortgage, Property was also encumbered with a second mortgage for $297,000 from Chase Bank; Appellant estimated that the total amount owned on the two mortgages was "about $500,000." *Id.* at 28, 32, 34. Appellant was not accepted by the trial court as an expert, did not present any expert credentials, and entered no other admissible[2] evidence in support of her opinion of Property's value. The only exhibits entered by Appellant were photographs of Property, collectively admitted as Plaintiff's Exhibit 1. No other witnesses testified on

---

[1] Upon petition of any party in interest before delivery of . . . the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Pa.R.C.P. 3132.

[2] Appellant repeatedly attempted to testify as to what a real estate agent told her Property was worth and as to Property's listed value on the website Zillow, but the trial court sustained objections to that testimony as hearsay. N.T. at 14-17. Appellant does not allege on appeal that the trial court's rulings were in error. *See generally* Appellant's Brief.

Appellant's behalf. The buyer at the sheriff's sale – a licensed realtor -- testified that, according to his own research, no similarly situated properties in Monroe County sold for $600,000. N.T. at 38, 41. In a written order dated October 19, 2018, and time-stamped by the Monroe County Prothonotary on October 22, 2018, the trial court denied the Petition. On November 20, 2018, Appellant filed this timely appeal.

On January 14, 2019, Appellant filed the following concise statement of errors complained of on appeal: "The Honorable Court of Monroe County Common Pleas erred when it denied granting [Appellant's] petition to set aside sheriff sale pursuant to Pa.R.C.P. 3132." Statement of Errors, 1/14/2019 (unnecessary capitalization omitted).

On February 11, 2019, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a), asserting that Appellant had waived or failed to preserve any issues on appeal, because her concise statement of errors complained of on appeal was "so vague and broad that it does not identify the specific questions raised on appeal." Trial Court Opinion, filed February 11, 2019, at 2. We disagree. Pa.R.A.P. 1925(b)(4) requires that the statement "concisely identify each ruling or error that the appellant intends to challenge" and shall "not be redundant or provide lengthy explanations as to any error." The Petition involved one issue, with one ruling. It was not a complaint with multiple causes of action, or a criminal case with multiple convictions with numerous elements required for each conviction. Nothing

more than the one ruling existed to be identified, and we have chastised appellants for unnecessarily verbose statements of error. *See Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa. Super. 2007) (citing *Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005); *Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004)) ("this Court has held that when appellants raise an 'outrageous' number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise"; "such 'voluminous' statements do not identify the issues that appellants actually intend to raise on appeal" (some internal quotation marks omitted)). Furthermore, if the trial court found the statement of errors to be too imprecise, it could have *sua sponte* directed Appellant to file a second statement to clarify the first statement. *See Tucker*, 977 A.2d at 1173-74 ("whether a statement is sufficiently clear and concise is not so definitive, and may be curable; the flaw is not necessarily fatal, and trial courts act properly within their discretion if they choose to order clarification of a timely filed statement"). In addition, given that the fact that, after its argument that all issues had been waived, the trial court opinion still was able to address Appellant's substantive issue demonstrates that the statement of errors was clear and precise enough to allow the trial court to understand the nature of Appellant's challenge. Trial Court Opinion, filed February 11, 2019, at 6-9. Consequently, we believe that the Appellant's

- 4 -

statement of errors was sufficient to preserve her sole issue on appeal. Ergo, we will consider the merits of Appellant's appeal.

In her brief to this Court, Appellant presents the following issue for our review:

> Whether the [t]rial [c]ourt abused its discretion by denying Appellant Owner's petition to set aside sheriff sale because the purchase price was grossly inadequate to the value of the [P]roperty?

Appellant's Brief at 2; **see also id.** at 6 (contending winning bid of $135,789.68 was grossly inadequate to the "true value" of $600,000).

"A petition to set aside a sheriff's sale is grounded in equitable principles." **Wells Fargo Bank N.A. v. Zumer**, 2019 PA Super 66, *6 (filed March 5, 2019) (citations and internal brackets and quotation marks omitted).

> The burden of proving circumstances warranting the exercise of the court's equitable powers rests on the petitioner . . . When reviewing a trial court's ruling on a petition to set aside a sheriff's sale, we recognize that the court's ruling is a discretionary one, and it will not be reversed on appeal unless there is a clear abuse of that discretion.

**GMAC Mortgage Corporation of PA v. Buchanan**, 929 A.2d 1164, 1167 (Pa. Super. 2007) (citations omitted).

> While mere inadequacy of price is not a sufficient basis for setting aside a sheriff's sale, it has long been established that *gross* inadequacy of price is a sufficient basis. Absent evidence of the actual or estimated value of the property sold, however, a determination of gross inadequacy cannot be made.

**Greater Pittsburgh Business Development Corp. v. Braunstein**, 568 A.2d 1261, 1264 (Pa. Super. 1989) (emphasis in original) (citation omitted).

For example, in **Greater Pittsburgh**, **id.**, the appellant "failed to offer any evidence whatsoever regarding the value of the . . . property sold by the sheriff. Absent competent evidence to support [the appellant]'s bare assertions," this Court could not "find that the trial court erred in refusing to set aside the sale for gross inadequacy of price."

In the current action, Property sold at sheriff's sale for $135,789.68. There is nothing in the record indicating the fair market value of Property. Albeit that Appellant testified that Property had two mortgages totaling "about $500,000[,]" N.T. at 28, 32, 34, Appellant – who, as the petitioner, had the burden of proof, **GMAC**, 929 A.2d at 1167 -- presented no evidence to clarify whether these figures were the original mortgage amounts or the total balances due and whether the amounts included unpaid interest, escrow advance, property inspection fees, or the banks' counsel fees. Additionally, Appellant did not provide any admissible evidence to support her valuation of Property beyond her own speculation, whereas the buyer, a licensed realtor, testified that no properties similarly situated to Property had sold for $600,000. N.T. at 18-19, 34, 38, 41. As in **Greater Pittsburgh**, 568 A.2d at 1264, absent competent evidence to support Appellant's bare assertions as to the value of the Property, we cannot find that the trial court abused its discretion in refusing to set aside the sale for gross inadequacy of price. **See also GMAC**, 929 A.2d at 1167.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/17/19</u>